[No. 15338. Department Two.—June 12, 1894.]

OSWALD GROPPENGIESSER, RESPONDENT, *v.*
FREDERICK W. LAKE, APPELLANT.

VENDOR AND PURCHASER—SALE OF LAND—FRAUDULENT REPRESENTATIONS
—RESCISSION.—Upon a contract for the sale of land, where the statements of the vendor constituted all the knowledge possessed by the purchaser as to the subject matter of the sale, and such representations are false in material respects, the purchaser, acting promptly, may rescind the contract of purchase.

ID.—MISREPRESENTATIONS AS TO CHARACTER OF LAND—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.—Where the evidence is conflicting as

to whether the misrepresentations of the vendor as to the character of the land purchased were material, or were mere matters of opinion, but there is testimony tending to show that there were positive assertions as to the character of the land, and its suitableness for cultivation, and for a fruit ranch, which were not mere matters of opinion, a finding in favor of the plaintiff, in an action to rescind the contract, cannot be disturbed upon appeal.

ID.—KNOWLEDGE OF VENDOR WHEN IMMATERIAL.—Where the statements of the vendor constitute all the knowledge possessed by the purchaser as to the subject matter of the sale, it is immaterial that the vendor had not personally seen the land, or did not know that what he stated was untrue, or that he believed it to be true.

ID.—ACTUAL FRAUD—FALSE STATEMENTS NOT KNOWN TO BE TRUE.—It is actual fraud for a vendor to state as true that which he does not know to be true, intending that the purchaser should act upon it, and to enter into the contract knowing that the purchaser did so in reliance upon his statements, he not having other means of knowledge.

MOTION FOR NEW TRIAL—DISCRETION—APPEAL.—A motion for a new trial is addressed to the sound discretion of the trial court, and that discretion will not be interfered with unless the appellate court can see that there has been an abuse of it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*F. D. Brandon,* for Appellant.

The plaintiff is not entitled to a rescission of the contract on the ground of misrepresentations as to the land, as the plaintiff had equal means of information concerning it, and might have personally examined it if he had wished to do so. (*Champion* v. *Woods,* 79 Cal. 17; 12 Am. St. Rep. 126; *Henshall* v. *Henderson,* 54 Fed. Rep. 320; 2 Kent's Commentaries, 485; *Commissioners of Funded Debt* v. *Younger,* 29 Cal. 147; 87 Am. Dec. 164; *Hill* v. *Bush,* 19 Ark. 522, 528.)

*F. J. Castelhun,* for Respondent.

Where, as in this case, reliance is placed upon the statements made by the vendor as to the land, it is not necessary for the intending purchaser to go and examine the land. (*Bank of Woodland* v. *Hiatt,* 58 Cal. 234;

*Alvarez* v. *Brannan,* 7 Cal. 503; 68 Am. Dec. 274; *Hill* v. *Wilson,* 88 Cal. 92.)

TEMPLE, C.—This action was brought to rescind a contract for the purchase of land because of alleged fraudulent representations on the part of the vendor, relying upon which plaintiff made the contract; and to recover money paid under the contract.

The court found all the allegations of the complaint true and all the statements in the answer and cross-complaint untrue.

Defendant's motion for a new trial having been denied, he appeals from the judgment and order. He contends that a misrepresentation to justify rescission must relate to matter which induced the party to contract, and concerning which the purchaser had not equal means of information. That the parties here were entire strangers, and plaintiff was told that defendant had no personal knowledge in regard to the property, and, furthermore, defendant submitted to him all the information he himself had.

The evidence is, however, conflicting upon this question. Plaintiff, according to his testimony, was a cook at San Jose. He saw the advertisement of defendant, who is a real estate agent, and called upon him to inquire. Defendant showed him a book describing different tracts which he had to sell. From these descriptions he selected a tract of eighty acres in El Dorado which in the book was marked six dollars per acre. Defendant then said that was his best piece of land, and, although it was marked six dollars per acre, he could not sell it for less than ten. He said the land was mostly level, slightly rolling, and about two and one-half acres in it possibly could not be used because it was ravines—was bad. Defendant handed him some photographs of portions of the land, and said the wood was all over the land like that shown in the picture. Also that there was a ditch on the section from which

water could be easily brought to it. The photographs were in evidence, but are not produced here.

He also handed plaintiff a report made to defendant by an employee in which the tract is particularly described. Of course, the defendant is responsible for the statements in this report. It says that the land can be easily irrigated, that it slopes gradually south and southwest. That the natural vegetation is oak, and some small pine, and elder, and light brush that is easily cleared or that it furnishes good browse for stock. Some snow falls, but, as in all places where the fall of snow is light, it does more benefit than harm. Excellent fruit is raised throughout the locality. Every thing grows to perfection. This ought to be as attractive a residence as Auburn or Placerville. The soil is a deep red color and very similar to the soil in the best orchard and vineyards in these foothills.

Some mining was done in the vicinity and some prospecting had been done on the land. This land will make an excellent home for any one. There seems to be a good demand for wood at about six dollars per cord, and the wood on this land is worthy of consideration.

There was also a plat showing description, with roads, ravines, etc. This survey and plat is not brought here. Plaintiff also testified: "The transaction was all finished on the same day when I first saw him and at the same interview. There was just one interview and that finished the entire transaction." Thinks that was November 19, 1890.

The transaction was in San Francisco and the land in El Dorado county. Plaintiff first saw the land in July, 1891. He found that the land had very little wood on it, mostly underbrush, was mostly bedrock on the surface and quite hilly, the hills were very steep, and not more than two or three acres of level land.

Other witnesses testified for plaintiff, one that the land is rough, with some steep hills, and bedrock at the surface in parts; only from twelve to fifteen acres could

be cultivated. It was also shown that there was no
water on the land, and that it would cost five hundred
dollars to take water from the ditch to it.

The defendant naturally gave a very different account
of the transaction. I notice in it, however, but one
new material circumstance which is not inconsistent
with the testimony of plaintiff. That is, that he told
plaintiff at the first interview that he, defendant, had
never seen the land. This statement being uncontra-
dicted may be taken as true.

Upon these facts is defendant entitled to a new trial?
That the representations were as to material matters,
such as were calculated and were plainly intended to
induce the plaintiff to purchase the land, there can
be no doubt. Neither can there be any doubt that
the representations did induce plaintiff to enter into
the contract and that defendant then knew that plain-
tiff relied solely upon his statements. Even upon de-
fendant's own testimony this is so.

The representations, according to plaintiff's testi-
mony, were positive assertions as to matters which are
not mere matters of opinion. He was told in effect that
nearly all the land could be used, except two. or three
acres, which, on account of ravines, would be useless.
That it was suitable for a fruit ranch, and was wooded
all over as shown in the photographs. As those are not
brought here the presumption must be that they would
tend so far as possible to support the judgment and
order. These statements, there was testimony tending
to show, were not true.

But it is said the defendant informed plaintiff that
he had never seen the land himself, and therefore plain-
tiff knew that he was only relating what he had heard
from others.

But there was a great show of care on the part of
defendant to ascertain the facts. His employees had
personally examined it, had surveyed it, and photo-
graphed portions of it; had even sent him some of the
soil. Defendant does not say that he told plaintiff that

his entire knowledge in reference to the tract was derived from the documents shown him. If he had so stated, the effect would have been only to limit the representations to what appeared from these papers.

It does not matter that defendant did not know that what he stated was untrue, or that he believed it to be true. According to the testimony his statements constituted all the knowledge possessed by plaintiff as to the subject matter of the sale. As they were untrue in material respects the plaintiff acting promptly may rescind. (Civ. Code, sec. 1572; *Alvarez* v. *Brannan,* 7 Cal. 503; 68 Am. Dec. 274; *Bank of Woodland* v. *Hiatt,* 58 Cal. 234. See also 2 Pomeroy's Equity Jurisprudence, sec. 887.)

As to the statement of plaintiff's counsel at the trial, that plaintiff did not charge defendant with actual fraud, I cannot see how defendant was misled by it. It was not an admission to be used in the place of evidence, and it does not appear that defendant was prevented by it from producing any evidence that he might have produced. The complaint charges no fraud except actual fraud, and there was no testimony tending to prove fraud of any other character. Plaintiff cannot be understood as waiving his right to rescind. The phrase, actual fraud, has been loosely used by judges and law writers, and the attorneys probably had not the code definition in mind. What was meant probably was that they did not claim that defendant knew that he was stating an untruth. It is actual fraud all the same if he stated as true that which he did not know to be so, intending that plaintiff should act upon it, and then entered into the contract, knowing that plaintiff did so in reliance upon his statements, plaintiff not having other means of knowledge.

Independently of the rule that this court will not disturb the findings of fact when there is material conflict, a motion for a new trial is addressed to the sound discretion of the trial court, and that discretion will not be interfered with unless this court can see that there has been an abuse of it. We cannot say so here.

I think the judgment and order should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

    DE HAVEN, J., McFARLAND, J., FITZGERALD, J.