Argued 17 November; decided 5 December, 1898.

## VAUGHN *v*. SMITH.

[55 Pac. 99.]

1. VENDOR AND PURCHASER—CONSTRUCTIVE FRAUD—RESCISSION.—Representations made by the vendors of real estate respecting the condition of the title, which, though innocently made, were false in fact, and were relied on by the purchaser, constitute such a constructive fraud as will authorize a court of equity to treat the deed as an executory contract to convey, and to decree the rescission thereof.

2. RESCISSION OF CONTRACT—DUTY OF INJURED PARTY.—A vendee desiring to rescind a contract on the ground of fraud, accident, or mistake, must proceed promptly, on the discovery of the alleged infirmity, to place the other party *in statu quo* by returning or offering to return that which he has received: *Crossen* v. *Murphy*, 31 Or. 114, approved.

3. RESCISSION—EFFECT OF DELAY.—A grantee loses his right to rescind a deed and recover the purchase price because of false representations by the grantor by remaining in possession and making improvements after discovering the falsity of the representations: *Scott* v. *Walton*, 32 Or. 460, approved.

From Washington : THOS. A. McBRIDE, Judge.

Suit by William Vaughn against James M. Smith and another. From a decree dismissing the complaint, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Cicero M. Idleman* and *A. Evan Reames*, with an oral argument by *Mr. Cicero M. Idleman.*

For respondent there was a brief and an oral argument by *Mr. Thos. H. Tongue.*

MR. JUSTICE MOORE delivered the opinion.

This is a suit to cancel a deed to real property, and to recover the consideration paid, and the value of improvements made thereon. The substance of the complaint is that defendants, on April 9, 1890, in consideration of the payment of $2,000, sold and (by a deed containing a covenant of warranty against incumbrances) conveyed to plaintiff a tract of land in Washington County, Oregon, containing fourteen and three-fourths acres, which they fraudulently represented to him was free from incumbrance, and, having no knowledge of the falsity of such statement, he relied thereon, and was induced thereby to forego an examination of the records of said county concerning the means whereby defendants' right to said premises was established, and was also persuaded by them not to procure an abstract of the title thereof; that, prior to the execution of said deed, defendants had granted and conveyed an easement in said land to one J. F. Saunders, who, with divers other persons, drives across the same, in consequence of which the said warranty has wholly failed; that about September 1, 1892, plaintiff erected on the premises a dwelling house and other builings, paying therefor the sum of $400, and about March 1, 1893, expended the sum of $75 in clearing the land, so as to render it fit for cultivation. Defendants, after denying the material allegations of the complaint, allege that prior to the execution of the deed to plaintiff they informed him of the existence of said right of way, whereupon it was agreed that this easement should be excepted from the operation of the covenant of warranty, but, by the inadvertence of the scrivener, no reservation was made in the deed, and defendants executed the same without knowledge of the omission; that plaintiff, with full knowledge of these facts, entered into,

and has continuously retained, possession of the granted premises, and taken the rents and profits thereof, amounting to the sum of $675, and has never made any offer to reconvey the land to defendants, or demanded the return of the purchase money. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, and, from the evidence taken, the court found the facts as alleged in the complaint, except that defendants' representations were made . "unthoughtedly;" that plaintiff paid on account of the purchase the sum of $500 only, and gave his note and a mortgage on the premises to secure the payment of $1,500 ; and that the money expended in clearing the land and erecting buildings thereon amounted to the sum of $400. The court also found that plaintiff had never disaffirmed the contract, or reconveyed said land to defendants, or made any demand upon them for the return of the money paid by him, or offered to account for the use and occupation of the premises, or the rents derived therefrom ; that plaintiff, with full knowledge of the existence of said right of way, had cleared and improved the granted premises, erected buildings thereon, paid an installment of interest due on said mortgage, leased the land, and collected the rents thereof, which he retained, and in all other respects acted as the owner, and was then in the possession of said premises ; and upon such findings dismissed the suit, and plaintiff appeals.

1. The defendants' representations with regard to the condition of the title to the premises being false in fact, though made, as the court finds, "unthoughtedly," and being relied and acted upon by plaintiff, constituted such constructive fraud as will authorize a court of equity to treat the deed as an executory contract to convey, and rescind the same: 4 Ballard, Ann. Real Prop., § 855; _West_ v. _Wright_, 98 Ind. 335 ; _Woodruff_ v. _Garner_, 27 Ind.

4 (89 Am. Dec. 477); *Bullitt* v. *Farrar,* 42 Minn. 8 (18
Am. St. Rep. 485, 6 L. R. A. 149, 43 N. W. 566); *Grop-
pengeisser* v. *Lake,* 103 Cal. 37 (36 Pac. 1036); *Baker* v.
*Maxwell,* 99 Ala. 558 (14 South. 468). Defendants' rep-
resentations, therefore, however innocently made, afford
no defense to the suit; and hence the decree must rest
upon the findings of the court which are predicated upon
the allegations contained in the answer.

2. The law is well settled in this State that a party
desiring to rescind a contract must act promptly upon
the discovery of the accident, fraud, or mistake, which
affords a ground for the relief sought, and place the other
party *in statu quo;* returning or offering to return that
which has been received: *Knott* v. *Stephens,* 5 Or. 235;
*Frink* v. *Thomas,* 20 Or. 265 (12 L. R. A. 239, 25 Pac.
717); *Clarno* v. *Grayson,* 30 Or. 111 (46 Pac. 426); *Cros-
sen* v. *Murphy,* 31 Or. 114 (49 Pac. 858).

3. In *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180), Mr.
Justice BEAN, in speaking of the right and duty of a party
who seeks to rescind a contract, says: "A party who has
been induced to enter into a contract by fraud has, upon
its discovery, an election of remedies. He may either
affirm the contract, and sue for damages, or disaffirm it,
and be reinstated in the position in which he was before
it was consummated. These remedies, however, are not
concurrent, but wholly inconsistent. The adoption of
one is the exclusion of the other. If he desires to rescind,
he must act promptly, and return or offer to return what
he has received under the contract. He cannot retain
the fruits of the contract, awaiting future developments
to determine whether it will be more profitable for him
to affirm or disaffirm it. Any delay on his part, and
especially his remaining in possession of the property re-
ceived by him under the contract, and dealing with it as
his own, will be evidence of his intention to abide by the

contract.'' In the case at bar the evidence supports the
finding of the court that plaintiff remained in possession
of the land after he had discovered the existence of the
right of way across the premises, and treated the prop-
erty as his own, thereby manifesting an intention to ratify
the contract, which precludes its rescission; and, this
being so, the decree is affirmed.

AFFIRMED.