## HARRY E. MILLER, Respondent, v. D. C. RANKIN, Appellant.

**Kansas City Court of Appeals, March 29, 1909.**

**FRAUD: Deceit: Reason to Believe False Representation: Instructions.**  A representation when one is ignorant of its truth or falsity is fraud if it be false, and if the maker believes it to be false he is guiltier in degree than if he knew nothing about it; and if he has good reason to believe it false he is also guilty of fraud.  It is possible one may make a false representation when he believed it to be true and yet good reason existed without his knowledge why he should not have believed it.  In such case he would not be guilty of fraud in an action for deceit, but when he makes it with good reason in his mind to believe it false, he is guilty of fraud and in the case under judgment instructions need the amendments suggested.

Appeal from Atchison Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*W. R. Littell, L. J. Miles, J. W. Stokes* and *J. P. Lewis* for appellant.

(1) The court erred in sustaining the motion for new trial, on account of alleged error in said instructions numbers 2 and 3, for the reason that such instructions were correct when applied to sales of personal property.  McQuillin's Instructions in Civil Cases, sections 936, 937, 948; Jolliffe v. Collins, 21 Mo. 338; Chandler v. Lopus, 1 Smith's Leading Cases, 188; Peers v. Davis, 29 Mo. 189.  These instructions are in almost literal accordance with instruction No. 4 for defendant in case of Wannell v. Kem, 57 Mo. 486.  (2) In an action of fraud and deceit in sale of personal property, five elements are necessary: First, false representation; second, knowledge by the person who made it of its falsity; third, ignorance of its falsity by the person to whom made; fourth, intention that it shall

be acted upon; fifth, acting upon it with damage; and nothing stronger than this is required by these instructions. Bank v. Byres, 139 Mo. 652; Owens v. Rector, 44 Mo. 393; Welsh v. Morse, 80 Mo. 573; Cement Co. v. Stewart, 103 Mo. App. 186; Woods v. Letton, 111 Mo. App. 51; Seranno v. Commission Co., 117 Mo. App. 197; Sammon v. O'Neil, 60 Mo. App. 536; White v. Million, 102 Mo. App. 440; Hamlin v. Abell, 120 Mo. 188. (3) It was error in sustaining the motion for new trial, on account of these instructions being inconsistent with plaintiff's instruction, for plaintiff had no ground to complain at an inconsistency caused by his own erroneous instruction. Moore v. Transit Co., 193 Mo. 420. (4) The court erred in sustaining motion for new trial. The instructions, taken as whole, submitted the case to the jury more favorable than plaintiff was entitled to. Gordon v. Burris, 153 Mo. 232; Shannahan v. Transit Co., 109 Mo. App. 232; Mathew v. Railway, 115 Mo. App. 471; State v. Brown, 188 Mo. 466.

*Hunt & Bailey* for respondent.

(1) The scienter was well laid in the petition and abundantly proved in this case, and had it not been for the error in appellant's instructions 2 and 3 the verdict would have been for the respondent. Cottrill v. Krum, 100 Mo. 400; Peers v. Davis, 29 Mo. 189; Wannell v. Kem, 52 Mo. 486; Dulaney v. Rogers, 64 Mo. 203. (2) That Moore v. Transit Co., 193 Mo. 411, cited by appellant in his second paragraph, has no application to the case at bar, for the reason that plaintiff did not cause the erroneous instruction, that respondent's instruction is the correct law in the case and that the appellant courted the error in instructions 2 and 3, given by the court, and by means of said error obtained the verdict, which was rendered by nine of the jurors. (3) We are at a loss to divine what appellant is trying to arrive at in the third paragraph of his brief and

the citation therein contained. They are not responsive to any issue in this case. There were no abstract issues of law submitted to the jury and the court granted a new trial, for the reason that the court erred in giving instructions 2 and 3. And we think the court was fully justified in that finding, for the reason that when all the instructions are read together they are inconsistent and confusing to the jury. That instructions 2 and 3 given for the defendant were not the law of this case and neither was plaintiff's instruction more favorable to him than the facts warranted. Roe v. Bank, 167 Mo. 427.

ELLISON, J.—This is an action for fraud and deceit in the sale of hogs by defendant to plaintiff which it is charged were infected with a fatal disease known as hog cholera. The verdict was for the defendant in the trial court. A motion for new trial was sustained and defendant has appealed from that order.

The motion was sustained on the ground stated by the court that error had been committed in the omission of the words "or had good reason to believe," at the place where they appear in brackets in the following instructions given at the request of defendant:

"2.    Unless the jury believes from the evidence that, at the time of the sale of the hogs to plaintiff, they were diseased with cholera or some other disease and that defendant knew (or had good reason to believe) that they were diseased, and knowing such fact, falsely represented to the plaintiff that they were sound and healthy or free from disease, with a view to induce the plaintiff to buy such hogs, and unless the jury further believe that the plaintiff relied upon such representations, believing them to be true, and so relying and believing, and not relying upon his own judgment, bought said hogs, and suffered loss on account of such disease, then in such case plaintiff cannot recover.

"3.   Before the plaintiff can recover on account of fraud and deceit charged as to soundness of hogs as charged in his petition, he must show that the hogs purchased from defendant were, at the time of the purchase, afflicted with a disease known as hog cholera or some other infectious or contagious or other disease, that defendant had knowledge of such fact (or had good reason to believe it), that the defendant, intending to deceive and defraud the plaintiff, falsely represented to plaintiff that such hogs were free from hog cholera or other infectious or contagious or other disease, that plaintiff, not knowing that such hogs were diseased, relied upon such false representations, believing them to be true, and so relying upon them, purchased said hogs, and that he afterwards suffered damages from death of such hogs and other hogs because of such disease."

Plaintiff asked and obtained an instruction which contained those words, substantially, and the question is, did the court err in concluding that they should have been inserted in defendant's instructions which we have set out.   The decisions on the subject of whether one shall not only have reason to believe, but shall actually know his representations are false, appear on the surface to be out of harmony.   This is mostly in appearance and not reality.

If one makes a representation when he has no knowledge whether it is true or false, he affirms its truth and is guilty of fraud if it be false.   This is well-understood law.   If he makes a representation and believes it to be false he is really guiltier in degree than if he merely knew nothing about it.   So if he makes a representation as a fact when he has good reason to believe it is false, he cannot know it to be true and in that instance, also, he is guilty of a fraud in asserting it was a fact.   It is true that there might be a condition where a party would make a false representation which he believed to be true and yet good reasons ex-

isted, though unknown to him, why he should not have
believed it. In such case he would not be guilty of
fraud in this sort of action. But if when he makes the
representation there is then in his mind good reason
to believe it is false, he is undoubtedly guilty of a
fraud. The latter condition or hypothesis is what the
court rightly concluded should be in the instructions
by inserting the words if "he had good reason to be-
lieve." In such instance it is proper speech to say that
if one knew, or had good reason to believe his asser-
tion to be false, he is liable to an action. And so we
find that mode of stating the grounds for an action is
used in many of the decisions of our Supreme Court.
[Dulaney v. Rogers, 64 Mo. 201, 203; Caldwell v.
Henry, 76 Mo. 254; Hamlin v. Abell, 120 Mo. 188, 200;
Brokerage Co. v. Gates, 190 Mo. 391, 406; Serrano v.
Commission Co., 117 Mo. App. 185, 200.] It is stated
in Cooley on Torts (side page 500), (italics ours), that
"there is no doubt that an action on the case will lie,
founded on representations made by the defendant,
whenever it can be made to appear that he believed *or
had reason to believe* the representations were false,
and that the plaintiff relied upon them, to his injury."

The cases cited by appellant are not opposed to what
we have written. The point in controversy here was
not involved or referred to. It was asserted in argu-
ment that Halliwell v. Stewart, 103 Mo. App. 182, an-
nounced that "had good reason to believe" the represen-
tation was false, would not support the action. That
was not the decision. The close of the opinion was in-
tended merely as a criticism on an instruction as ap-
plied to the particular evidence in that case. The evi-
dence there showed belief, if anything, and there was
nothing upon which to base the idea of reason to be-
lieve.

The order or judgment granting the new trial will
be affirmed. All concur.