HARRY E. MILLER, Respondent, v. D. CLARK
RANKIN, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. **MOTION TO ELECT:** Exceptions. If a motion is made to
require plaintiff to elect which of two counts he will try, and
no exception is taken to the action of the court in overruling
it, the point cannot be noticed on appeal.

2. **TRIAL:** Surprise: Verdict. If one is surprised by the evi-
dence in behalf of his adversary, he should immediately ask a
postponement of the trial, and not take the chance of a verdict
in his own favor.

3. ————: Weight of Evidence: Credibility of Witnesses. Ap-
pellate courts do not weigh the evidence, nor test the credibility
of witnesses, in actions at law.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D.*
*Burnes,* Judge.

AFFIRMED.

*W. R. Littell, J. L. Miles* and *Booher & Williams*
for appellant.

*Allen, Gubbert, Mitchell & Martin* and *Hine &*
*Cross* for respondent.

ELLISON, J.—This action was instituted in Atchi-
son county, for fraud and deceit in the sale of a lot of
hogs by defendant, and was tried in that county where
a verdict was returned for defendant. A new trial was
granted on account of error in instructions and from
that order defendant appealed to this court where the
order was affirmed (136 Mo. App. 426). On return of
the cause to Atchison county, a change of venue was
granted to another circuit, where judgment was ren-
dered for the plaintiff and defendant took his appeal
in due course.

The petition was in two counts, the first for fraud and deceit and the second for breach of warranty. The latter was abandoned at the close of the evidence before the case was submitted to the jury, and the verdict was based on the former. Before the trial opened defendant made a written motion requiring plaintiff to elect on which count he would proceed. The motion was based on the alleged ground that the two counts could not properly be joined in the same petition, and that, therefore, defendant should only be required to go to trial on one. It does not appear whether any ruling was made on the motion. If we should infer that it was overruled from the fact that at the close of the evidence an election was made, we are still unable to consider the question, from the fact that no exception is shown to have been taken to the refusal of the court (if it did refuse) to compel an election at the beginning of the trial.

The next objection to the judgment is that defendant was surprised by the evidence of certain witnesses in plaintiff's behalf. There are two reasons why we must overrule this objection: First, there was no excuse, as viewed by the law on the question of surprise, why defendant should have been surprised; and, second, if he was surprised he should have filed affidavit to that effect and asked for a continuance before accepting the chance of a verdict in his own favor. [Thiele v. Ry. Co., 140 Mo. 319, 338; Bragg v. City of Moberly, 17 Mo. App. 221.]

It is insisted that the evidence does not sustain plaintiff's case. But an examination of the record discloses evidence which, if believed by the jury, is ample foundation for the verdict. There was evidence tending to show that the hogs were diseased and that defendant concealed it from plaintiff, and that nearly all of them died soon after the sale, after infecting a number of hogs which plaintiff had on hands when he bought those in controversy. It is a waste of time and space to dwell

upon a proposition so fundamental as that the credibility of witnesses and the weight of evidence are not matters for an appellate court's consideration.

There is objection made to the admission of some evidence as to the time of the sickness of the hogs and as to some of it being hearsay. These are untenable. As to the instructions, we see no ground of complaint. They cover the point made when the case was here before, and afford no ground of reversal. The case is simply one where the evidence for plaintiff has been accepted by the jury, and there being no error by the court the judgment must be affirmed. All concur.