Argued March 25, affirmed April 15, 1924.

# BEN REISLAND *v.* CHARLES SCHICK AND LILLIAN SCHICK.

## (224 Pac. 827.)

**Principal and Agent—Agent Personally Liable for Injury to Third Person Arising from Wrongful Act or Omission While Acting for Principal.**

1. Where loss or injury is caused to a third person by the wrongful act or omission of an agent while acting on behalf of his principal, the agent is personally liable therefor, whether or not he is acting with the authority of the principal, to the same extent as if he were acting on his own behalf.

**Principal and Agent—All Persons Engaged in Commission of Tort are Wrongdoers.**

2. All persons when engaged in the commission of a tort are wrongdoers, and the fact that a person acted as the agent or servant of another does not excuse him.

**Principal and Agent—Fact of Agency Held not to Relieve Agent from Liability to Third Person for False Representation.**

3. The fact that plaintiff was acting as an agent when he falsely represented to defendant purchasers of land the location of the boundary line between two tracts of land, one of which defendants purchased relying on plaintiff's representation, *held* not to relieve plaintiff from the consequences of his wrongful acts, nor to shield him from liability to defendants for loss occasioned by his misrepresentation.

**Fraud—Elements of "Fraudulent Representations" Stated.**

4. Any positive representation made to induce another to enter into a contract or to engage in a transaction, to the effect that the declarant knows of his own personal knowledge that a material fact concerning some substantial or integral part of the subject matter of the contract or transaction exists or is true, when in fact he has no knowledge concerning its truth or falsity, if untrue, and relied and acted upon, and if material injury results therefrom, is a "fraudulent representation" and entitles the injured party to appropriate relief.

**Boundaries—When Representations Concerning Boundary Line Estop from Asserting the Contrary Stated.**

5. Where the owner of two adjoining tracts of land points out to another what he represents to be the boundary line between the two tracts in order to induce the other to purchase one of them, and makes a positive statement that he knows of his own knowledge that the line pointed out by him is the true line, and the other party is ignorant as to where the line is and alters his position by purchasing the property in reliance upon the representation,

such owner and his privies in estate in the other tracts will be forever estopped to claim that the premises so purchased, do not include all of the land up to the represented line.

**Boundaries—Grantee of Person Making Representations as to Boundary Line Held Estopped by Them to Assert Contrary.**

6. Where vendor and plaintiff as her agent pointed out to defendants a line between two tracts which they represented to them was the true boundary line, according to which a dwelling-house was located exclusively on the tract which defendants purchased in reliance on such representation, and it subsequently developed the true boundary line was elsewhere and passed through the center of the dwelling-house, *held*, that plaintiff, who subsequently purchased the other tract from her, was, as the grantee and privy of the vendor, estopped with her to deny that the line pointed out was not the true boundary line.

From Multnomah: J. P. KAVANAUGH, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. B. G. Skulason.*

For respondents there was a brief over the name of *Mr. C. E. Yeager,* with an oral argument by *Mr. Frank H. Hilton.*

RAND, J.—Plaintiff commenced an action at law to recover possession of the real property in controversy in this suit. The defendants, pursuant to Section 390, Or. L., interposed an equitable defense alleging that the plaintiff is estopped to allege or assert his legal title to the premises in controversy because of previous representations inconsistent therewith made to defendants by the plaintiff and one Florence Armstrong to induce them to purchase other adjoining property by representing to them that in making such purchase they were acquiring title to the particular property in dispute, upon which repre-

sentations they relied and acted. From a decree in favor of defendants plaintiff has appealed.

The material facts are: On and prior to May 26, 1920, Florence Armstrong, who is the common grantor of both the plaintiff and the defendants, owned two tracts of land in what is known as Lot 1, Primrose Acres in Multnomah County, Oregon. One of these tracts is described as the west 211.5 feet of the east 422.5 feet of said Lot 1. The other adjoins the first tract just described and is described as the west 61 feet of the east 211 feet of said Lot 1. On that day she entered into a written contract with the defendants, in consideration of their agreement to pay her $4,000, which has since been paid, to sell and convey to defendants the tract of land first above described. At the time said contract was entered into Mrs. Armstrong had two dwelling-houses, one of which was supposed to have been erected entirely upon the tract first above described and the other upon the second tract. The ground around the houses had been graded so as to leave a well-defined line about midway between these two houses, which line was supposed to be the boundary line between the two tracts and was indicated by the difference in the grade of the two lots and by the construction of a garage and a concrete runway leading therefrom, and by trees which had been planted on the supposed line. This supposed line was parallel to the true line and was situate 22.6 feet east of the true boundary line between the two tracts. The true boundary line passed through the center of the house intended to be sold to the defendants. It afterwards turned out that the other dwelling-house which was supposed to be upon the other tract was located partially upon that tract and

partially upon adjoining lands belonging to other parties.

The plaintiff, who was engaged in the real estate business, was the agent of Mrs. Armstrong in making said sale to defendants. He took the defendants to the premises and pointed out to them the line between the two houses above referred to and represented to them that the property they were about to purchase extended to that line. The defendants had no knowledge of the location of the true line between the two properties. They suggested to the plaintiff that a survey be made and the line be marked upon the ground. Thereupon plaintiff stated to the defendants that he was familiar with the premises, that he knew the boundary line between the two properties and knew that the line he was pointing out to the defendants was the true boundary line between said properties. It appears from the testimony that Mrs. Armstrong also pointed out the same line to the defendants and stated that said line was the boundary line between the property they were about to purchase and the other tract. Believing these representations to be true, and relying upon them, the defendants were induced to enter into said contract and purchase said property. Pursuant to their contract and purchase, defendants took possession of the house and premises that had been thus pointed out to them and have since been in the occupancy thereof. Subsequently Mrs. Armstrong sold and conveyed the other tract and by mesne conveyances the plaintiff is now the owner thereof. Upon learning that the house which was supposed to be wholly upon the tract he had purchased was partially located upon lands belonging to others, plaintiff acquired title to the remaining premises upon which

his house was located, and thereupon demanded that the defendants pay him the same sum he had paid for his deed and buy from him the 22.6 feet upon which their house was partially located, being the premises in controversy here, and upon their refusal to comply with his demand commenced action to recover the possession thereof.

1–3. It is contended that because at the time the representations were made the plaintiff who made them was acting as the agent of the owner of the property and had been misled by the owner into believing that the dividing line between the two tracts was where he represented it to be, his representations were not, as a matter of law, false and fraudulent representations entitling the defendants to relief. The fact that plaintiff was acting as agent at the time he made the representations does not relieve him from the consequences of his own wrongful acts nor shield him from liability to the defendants for loss occasioned by his misrepresentation.

It is a general rule that "where loss or injury is caused to a third person by the wrongful act or omission of an agent while acting on behalf of his principal, the agent is personally liable therefor, whether he is acting with the authority of the principal or not, to the same extent as if he were acting on his own behalf." Tiffany on Agency, p. 379. "The warrant of no man, not even of the king himself," it is said, "can excuse the doing of an illegal act." *Bennett* v. *Bayes,* 5 H. & N. 391. All persons, when engaged in the commission of a tort, are wrongdoers and no one of them can excuse himself on the ground that he acted as the agent or servant of another: 1 Mechem on Agency (2 ed.), §§ 1455, 1456; Tiffany on Agency, 380.

4. Plaintiff's contention that he ought not to be held liable because at the time he made the representation he honestly believed that the line was where he represented it to be stands upon no better foundation. It is undisputed that the plaintiff not only represented to the defendants that the boundary line between the two tracts of land was the line indicated between the two houses, but that he also supplemented this representation with the positive statement that he knew the line was there from his own personal knowledge, and assured the defendants that because of his knowledge, a survey to determine where the true line was would be unnecessary. He now admits that he was mistaken and that the boundary line was not at the place represented by him, but was 22.6 feet west of where he represented it to be and that he holds the legal title to the ground upon which one half of their house stands. The effect of this is that if plaintiff's contentions are sustained, the defendants will be deprived of the very property which he falsely represented he knew they would acquire by their purchase.

His representation was that he knew where the true boundary line was. As a matter of fact he did not know where it was. This representation was false, and since the defendants relied upon his supposed knowledge and were misled to their injury, his representation thus recklessly and negligently made was, in law, as much a false and fraudulent representation as if, knowing where the true boundary line was, he falsely represented it to be elsewhere. His declaration then was that he knew where the line was. He now attempts to excuse his conduct by saying that at the time he made the representation he did not know, but he honestly believed it was where he represented it to be. As said by Mr. Bigelow, ''Reck-

less misrepresentation has always been put upon the same footing as misrepresentation made with knowledge of its falsity in point of wrongfulness.'' Bigelow on Estoppel (6 ed.), 665.   The defendants relied upon plaintiff's representation that he was speaking, not from an honest belief, but from a personal knowledge of his own, and were misled thereby to their injury. Hence, as he did not possess the knowledge he represented himself to have, what he believed at the time he made the representation is immaterial.

Any positive representation, made to induce another to enter into a contract or to engage in a transaction to the effect that the declarant knows of his own personal knowledge that a material fact concerning some substantial or integral part of the subject matter of the contract or transaction exists or is true, when in fact he has knowledge concerning its truth or falsity, if the representation be untrue and be relied and acted upon, and material injury results therefrom, is a false and fraudulent representation and entitles the injured party to appropriate, legal or equitable relief for the injury resulting from a reliance upon the false representation.   That the defendants did rely upon plaintiff's representation and would not have purchased the property without a survey of the premises if they had any reason to suppose plaintiff's declaration to be untrue, is obvious.   They were purchasing a home for themselves. The property they were acquiring had a house on it which they intended to buy and use as a residence. This house had a cement basement and could not be moved without great expense and unless on the property purchased they knew that they would acquire no title to it.

5. Where the owner of two adjoining tracts of land, or his agent, acting within the scope of his authority, points out to another what he represents to be the boundary line between the two tracts of land in order to induce the other to purchase one of said tracts, and makes a positive statement that he knows, of his own knowledge, that the line pointed out by him is the true boundary line between the two tracts, and the other party is ignorant of where the true line is and alters his position by purchasing the property in reliance upon said representation, believing that the property he is purchasing extends to that line, such owner, and his privies in estate in the other tract, if it turns out that the line pointed out is not the true boundary line between the two tracts, will be forever precluded and estopped to allege or claim that the premises which they induced the other to purchase, in reliance upon said representation, do not include all of the land up to said line.

6. The testimony shows that both Florence Armstrong and plaintiff, as her agent, pointed out to the defendants what they represented to be the true line between the two tracts and represented to defendants that that was the true line. As a result of these acts Florence Armstrong, if she had continued to be the owner of the second tract, and plaintiff, her grantee, being in privity to her, are estopped to deny that the line pointed out is not the true line between the two properties. The case falls within the settled rule that "a party is estopped to deny the line between his own and the adjoining land to be the true line if he has sold and conveyed land up to such line, has pointed it out as the true line and has induced the defendant to purchase up to such line." *Clark* v. *Hindman,* 46 Or. 67 (79 Pac. 56); 2 Herman, Estoppel, 1133;

*Richardson* v. *Chickering,* 41 N. H. 380 (77 Am. Dec. 769); *Louks* v. *Kenniston,* 50 Vt. 116.

The decree of the Circuit Court is affirmed.

AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.