Argued March 22, affirmed April 17, 1928.

# JAMES R. BURKE v. G. W. PARDEY.

### (266 Pac. 626.)

**Fraud—False Statements Made to Plaintiff by Defendant, not Knowing Whether They were True or False, Constitute Actionable Fraud, if Plaintiff Relied Thereon to His Injury.**

1. Defendant who makes statements to plaintiff, not knowing whether they are true or false, is guilty of fraud, where statements are in fact untrue, and fraud is actionable, if plaintiff relied on the representations and suffered loss.

**Trial—Conflicting Evidence Presents Jury Question.**

2. Conflicting evidence as to allegations of complaint makes question for jury.

**Fraud—Prospectus Representing Character of Corporation's Product and Officers Held Admissible, in Action Against Manager for Fraud in Sale of Stock, Where Manager Vouched for Its Correctness.**

3. Prospectus of corporation, engaged in selling patent medicine, which represented that it had a proven product and reliable businessmen as officers, *held* admissible in action against manager of corporation for fraud in sale of stock, where the manager, in selling the stock, vouched for the correctness of statements in the prospectus, and made similar representations himself.

**Fraud—Fraud is not Presumed and must be Clearly Established by Preponderance of Evidence.**

4. It is a well-settled rule that fraud is never presumed, and must be clearly established by a preponderance of the evidence.

**Fraud—Issue of Fraudulent Representations of Corporation's Manager, Inducing Sale of Stock, Held for Jury.**

5. Issue of fraud *held* for jury in action by purchaser of stock for false representations of corporation's manager inducing sale, where evidence was conflicting.

---

Fraud, 26 C. J., p. 1109, n. 35; 27 C. J., p. 44, n. 57, p. 52, n. 43, p. 62, n. 85, p. 68, n. 25, p. 72, n. 54.

1. Statements made without knowledge of falsity as ground for action for fraud, see note in 18 L. R. A. (N. S.) 379. See, also, 22 R. C. L. 328.

2. See 2 R. C. L. 194.

4. What is sufficient proof of fraud, see notes in 65 Am. Dec. 15; Ann. Cas. 1912A, 711. See 12 R. C. L. 436. Presumption and burden of proof as to fraud, see note in 1 Ann. Cas. 809. See 12 R. C. L. 424. Necessity of proving fraud in civil action, see note in 33 L. R. A. (N. S.) 837.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This is an action for damages in the sum of $300 upon the ground of fraud in the sale of certificates of stock in a corporation to the plaintiff. The cause was tried to the court and a jury and a verdict rendered in favor of plaintiff. From a judgment entered thereon defendant appeals.       AFFIRMED.

For appellant there was a brief over the name of *Messrs. Allen & Roberts,* with an oral argument by *Mr. Samuel B. Lawrence.*

For respondent there was a brief and oral argument by *Mr. Joseph Van Hoomissen.*

BEAN, J.—In February, 1922, the plaintiff became acquainted with one H. E. Price, who was then secretary and the chosen manager for "Will-I-Soon" Company. The defendant, Dr. G. W. Pardey, was president of the company. The corporation was organized for the purpose of putting upon the market an eczema remedy known as "Nog-ero." The company was first organized as a Deleware corporation and later incorporated under the laws of the State of Oregon.

Plaintiff alleges that the defendant represented to him that he was in full charge of the affairs of the corporation and of its operations and familiar with the business at that time and had control of the personnel of the corporation, its clerks, agents and employees; that defendant falsely represented that the officers of the corporation were all capable businessmen, reliable and worthy of confidence and trust;

that the corporation was practically financed by the defendant and he personally stood behind each investment for its safety; that Nog-ero was a proven product; that a national advertising campaign was in the course of operation. That the best businessmen of the City of Portland were already stockholders; that the corporation was in a position to net investors very large dividends on their money; that the defendant knew these representations were false and were made for the purpose of obtaining plaintiff's money. The plaintiff purchased stock to the amount of $300, paying cash therefor. That the stock was at the time of no value and never has been.

A reading of the testimony discloses that it tends to support the allegations of the complaint. The defendant denies the major portion of the complaint and testimony and alleges in the answer: "He told the plaintiff that the officers of the Will-I-Soon Company were businessmen and he thought reliable; that the company proposed to institute an advertising campaign for the purpose of advertising Nog-ero as an eczema remedy." Defendant also admits that at the present time the plaintiff's stock has no value and that one Price, who was a director and secretary of the company, was unreliable and dishonest and was afterward discharged.

1. The question is in regard to the paper sold to the plaintiff at the time of the sale and not whether the matter eventually turned out to be successful or unsuccessful. The jury evidently found from the evidence that Dr. Pardey made representations as of his own knowledge. If he made statements to plaintiff, not knowing whether they were true or false, and they were in fact untrue, he was guilty of fraud as much as if he knew them to be untrue, the fraud is actionable

if plaintiff relied upon said representations, and suffered loss: Kerr on Fraud, p. 54; *Bonelli* v. *Burton,* 61 Or. 429 (123 Pac. 37); *Cawston* v. *Sturgis,* 29 Or. 331, 334 (43 Pac. 656); *Vaughn* v. *Smith,* 34 Or. 54, 56 (55 Pac. 99); *McFarland* v. *Carlsbad Sanatorium Co.,* 68 Or. 530, 536 (137 Pac. 209, Ann. Cas. 1915C, 555).

It appears that Price became acquainted with plaintiff where he was swimming instructor and learned that the plaintiff had $300, which he had saved from his pay in the service during the World War, and solicited him to purchase stock, and introduced him to the defendant.

The defendant presented to plaintiff and vouched for the correctness of what was introduced in evidence as a prospectus, which paints the company and its prospects in very glowing terms, among other things therein are the following: "The earning power of this stock is unlimited," and "for each $100 invested in this company it will pay the investor 1200%," and also the following:

"Remember that
   "We have a proven product.
      We are selling by a national advertising campaign.
      We will distribute through the best drug house on the coast.
      We have some of the best businessmen in the city as stockholders.
      We have as officers Portland's reliable businessmen.
      We are a Portland Company.
      We will pay big dividends."

The testimony strongly tended to show that the product, which the company represented, was not a "proven product," but was practically unknown.

2. There are substantially two questions upon this appeal. One raised by the motion of defendant for a judgment of nonsuit, and the refusal of the court to set aside the verdict. As we have indicated, the testimony of the plaintiff tends to support the allegations of the complaint. The defendant disputed much of the testimony upon the part of the plaintiff. With this conflict of evidence this court is not concerned, that being a question for the jury.

3. It is also contended that the court erred in permitting plaintiff to introduce in evidence the prospectus. It is claimed that this is a document belonging to the company and not to the defendant. We do not find that it was signed by anyone. However, the defendant by his statement to the plaintiff adopted the instrument as his own, and made practically some of the same representations in regard to the shares of stock, as were contained in the prospectus. We see no reason why it was not properly admitted.

It is plain from plaintiff's testimony that he was uninformed in regard to the value and condition of the stock of the corporation and that the defendant had knowledge thereof; and that plaintiff relied upon the representations made to him by the defendant at the time he purchased the shares of stock. In fact the testimony indicates the only purpose the corporation ever fulfilled or had any prospect of fulfilling was to serve as a foundation for selling its stock. For some time after the sale of the stock to plaintiff the defendant lulled the plaintiff into a sense of security and induced him to entertain hope that things were moving along all right and the stock was of some value.

4, 5. It is a well-settled rule that fraud is never presumed and must be clearly established by a pre-

ponderance of the evidence: 27 C. J., § 199, p. 64; *DeYulio* v. *Brownell,* 107 Or. 651, 657 (215 Pac. 576); *Castleman* v. *Stryker,* 107 Or. 48 (213 Pac. 436). We .think that this rule was complied with in the instant case, and that the tesimony was sufficient to take the case to the jury.

Finding no error in the record the judgment of the trial court is affirmed.          AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.