Argued March 26; reversed May 12; rehearing denied June 9, 1931

## MEDFORD NATIONAL BANK *v.* BLANCHARD
### (299 P. 301)

*B. G. Skulason,* of Portland, for appellant.
*G. M. Roberts,* of Medford, for respondent.

KELLY, J. The questions to be decided in this case fall under three general heads:

1st. As to whether the suit to rescind constitutes an election and res judicata.

2d. Whether the positive assertion that the trade acceptance was insured, which assertion was found to be false, constitutes a basis for recovery, although made in good faith.

3d. Whether testimony of refusal by the makers to pay the trade acceptance at maturity, protest thereof and liquidation, under a receivership of the makers, is sufficient to justify the submission to a jury of the question of the alleged lack of value of such acceptance.

As well said in the case of *Cressler v. Brown,* 79 Okl. 170 (192 P. 417, 422), cited in defendants' brief:

"Where the second action between the same parties or their privies is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding, verdict or judgment was rendered. And when it is sought to apply the estoppel of a former judgment ren-

dered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry always is this: Is the point or question or fact put in issue in the latter case the right or question of fact actually litigated and determined in the former or other action, and not what might have been litigated and determined in the other action?": *LaFollett v. Mitchell,* 42 Or. 465 (69 P. 916, 95 Am. St. Rep. 780).

The suit to rescind the sale of the trade acceptance to plaintiff herein was instituted by plaintiff against the broker who negotiated the sale and not against the seller. That fact necessitated a dismissal of plaintiff's suit to rescind. There is nothing in this record to show that the question of the alleged fraud was considered or passed upon in the suit to rescind.

■■ An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. If a party attempts to make use of only a fancied remedy, then that barren attempt does not preclude him from afterward's pursuing a remedy to which he is actually entitled: *Morris v. City of Sheridan,* 86 Or. 224, 233 (167 P. 593).

■ Plaintiff had no cause of suit for rescission against defendants herein: *VonSchrader v. Milton,* 96 Cal. App. 192 (273 P. 1074, 1077). For these reasons, we hold that the suit to rescind and its dismissal did not constitute a defense either in estoppel or in bar.

■ Upon the second question the authorities are divided. One line of authorities holds that one making representations in positive language is not excused from liability for their falsity by the fact that he spoke in reliance upon the statements of third persons or that he was himself deceived: *Fisher v. Mellen,*

103 Mass. 503; *U. S. Gypsum Co. v. Shields,* (Tex. Civ. App.) 106 S. W. 724, 727 (Affirmed 101 Tex. 475, 108 S. W. 1165); *Parker v. McAra* (Sask.) 10 D. L. R. 37, 23 W. L. R. 141); *Huntress v. Blodgett,* 206 Mass. 318 (92 N. E. 427); *Jacquot v. Farmers Straw Gas Producer Co.,* 140 Wash. 482 (249 P. 984); *Johnson v. Cate,* 75 Vt. 100 (53 Atl. 329); *Chatham Furnace Co. v. Moffatt,* 147 Mass. 403 (18 N. E. 168, 9 Am. St. Rep. 727); *Litchfield v. Hutchinson,* 117 Mass. 195.

Another line of authorities holds that there can be no redress for a representation as of the speaker's knowledge unless he was consciously ignorant of or recklessly indifferent to its truth or falsity: *Peters v. Lohman,* 171 Mo. App. 465, 487 (156 S. W. 783); *Snyder v. Stemmons,* 151 Mo. App. 156, 166 (131 S. W. 724); *Miller v. Rankin,* 136 Mo. App. 426 (117 S. W. 641); *Lamberton v. Dunham,* 165 Pa. 129 (30 Atl. 716); *Kountze v. Kennedy,* 147 N. Y. 124 (41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651); *Angus v. Clifford,* 2 Ch. Div. 449; *White v. Sage,* 19 Ont. App. 135; *Ray County Savings Bank v. Hutton,* 224 Mo. 42 (123 S. W. 47); *Derry v. Peck,* 14 App. Cas. 337 (12 E. R. C. 250); *Kerfoot v. Yeo,* 20 Man. L. R. 129; *Schlechter v. Felton,* 134 Minn. 143 (158 N. W. 813, L. R. A. 1917A, 556); *Lovelace v. Suter,* 93 Mo. App. 429 (67 S. W. 737).

This court has declared the rule that a purchaser may rely upon a positive assertion of a material fact: *Burke v. Pardey,* 125 Or. 245 (266 P. 626); *Reisland v. Schick,* 111 Or. 42 (224 P. 827); *Boord v. Kaylor,* 114 Or. 62, 66 (234 P. 263); *J. C. Corbin Co. v. Preston et al.,* 109 Or. 230, 249 (212 P. 541, 218 P. 917); *Purdy v. Underwood,* 87 Or. 56 (169 P. 536); *Caples v. Morgan,* 81 Or. 692, 701 (160 P. 1154, L. R. A. 1917B, 760).

In *Purdy v. Underwood,* supra, this court, speaking through the late Mr. Justice Moore of the representations, forming the basis of plaintiff's charge of fraud in that case, said:

"This representation was material and though false it was not consciously so, but it is immaterial for the statement having been made without knowledge of its truth and believed and relied upon by the plaintiff renders the defendant responsible for the resulting damages."

The writer is "fresh from the circuit" and keenly appreciates the position of a trial judge who in his instructions to the jury follows the express declaration of this court only to find that upon appeal this court renounces its own declaration. The doctrine announced by this court, as reflected in the Oregon cases cited, was adopted by the learned trial judge when he instructed the jury as follows:

"And it has also been laid down as a rule of law which you must aply in this case in the same relation that if you find that the defendant here did make the representations which have been alleged as being based upon his own personal knowledge and investigation and they were so relied upon and acted upon by the plaintiff, the defendant was under the duty and obligation to speak correctly, that is to tell the actual truth, for when a person undertakes to make representations concerning a matter that he is bargaining about with another he must know what he represents to be true, if he knows that the other party is relying upon his statements, and he is held equally responsible whether he actually knew the representations were false or whether he negligently made the representations without knowing whether they were true or false, and if he made the representations knowing that they were false or if he made them negligently without knowing whether they were true or false it would be immaterial that he was honestly mistaken, if he knew

that the other party was accepting his statements and acting on them and relying on them as being true and did not make an independent investigation.''

The majority of this court, as now constituted, however, is of the opinion that scienter, as an element of actionable fraud, is imputable only when a statement is attended by conscious ignorance of, or reckless indifference to, its truth or falsity on the part of the one making it; that, therefore, the above-quoted instruction was reversibly erroneous; and that the doctrine quoted from *Purdy v. Underwood,* supra, should be overruled.

■ In considering whether the testimony upon the question of damages justified the court in submitting the case to the jury, it must be remembered that, if the testimony tends to prove that plaintiff has suffered damages, it is for the jury to ascertain the amount thereof.

■ That the affairs of the concern, which issued the trade acceptance in suit, had been in liquidation under a receivership without any returns to plaintiff for almost a year before action was instituted certainly is proof of a depreciation in value of such acceptance, and, hence, comprises testimony supporting plaintiff's claim for damages. In the absence of any other evidence, the jury were warranted in finding that the paper in question was entirely worthless.

Defendant could have introduced testimony to minimize plaintiff's damages: *Brown v. Siemens,* 117 Or. 583 (245 P. 519); *Redding v. Godwin,* 44 Minn. 355 (46 N. W. 563).

Because of error in giving the instruction quoted. this case is reversed and remanded.

BEAN, C. J., RAND and CAMPBELL, JJ., concur.