NATIONAL BANK OF STURGIS *v.* LEVANSELER.

1. BANKS—SALE OF REAL ESTATE—BOND OF INDEMNITY—AUTHORITY OF PRESIDENT.

The directors of a bank, in the presence of one who had agreed to purchase property owned by the bank, authorized the president to execute to such purchaser a bond of indemnity against any legal claim or lien which a specified company might have upon the property. The bond given by the president was conditioned upon the bank's obtaining from the company a good and sufficient written lease. The lease procured was not satisfactory to the purchaser, and he declined to accept it, and refused to pay the amount due on a purchase-money mortgage until the condition of the bond should be satisfied. *Held*, on foreclosure of the mortgage, that the giving of the bond conditioned for the procuring of a lease was unauthorized, and did not bind the bank.

2. SAME—MORTGAGE FORECLOSURE—FAILURE OF TITLE—EVIDENCE OF DAMAGES.

In such case, the mortgagor was not entitled to have any damages for alleged failure of title offset against the amount due upon the mortgage, where it did not appear from his showing that the company had made any claim of title, or in any way disturbed him, so as to require indemnity under the terms of a bond such as the president of the bank was authorized to give.

3. VENDOR AND PURCHASER—RESCISSION—LACHES.

A vendee of land cannot rescind the contract of purchase where he has occupied the premises, and defended the foreclosure of a purchase-money mortgage, without making any offer to put the vendor *in statu quo.*

4. MORTGAGES — MANUFACTURING PLANT — AFTER-ACQUIRED MACHINERY.

A mortgage upon a manufacturing plant will, in the absence of evidence of a contrary intent, be held to cover machinery subsequently purchased to replace such as was old and out of repair, or which is adapted to the purposes of the business.

Appeal from St. Joseph; Yaple, J. Submitted October 8, 1897. Decided December 21, 1897.

Bill by the National Bank of Sturgis against Frank E. Levanseler and Helen B. Levanseler to foreclose a purchase-money mortgage. Defendants filed an answer in the nature of a cross-bill, asking a rescission of the contract of purchase, or, in lieu thereof, a specific performance of the same by complainant. From a decree for complainant, defendants appeal. Affirmed.

*Charles A. Sturges* and *Howard, Roos & Howard,* for complainant.

*Osborn, Mills & Master,* for defendants.

HOOKER, J. Complainant, being the owner of a furniture manufactory in the village of Sturgis, negotiated a sale thereof to Frank E. Levanseler, one of the defendants. During the negotiation he professed to believe that the building did not stand wholly upon lots 6 and 7 of block 10, but extended 10 feet over and upon other lands adjoining, known in this record as the right of way of the Grand Rapids & Indiana Railroad, and from the record we should perhaps find such to be the fact. An agreement was reached, and at a meeting of the complainant's board of directors, at which Frank E. Levanseler was present, the following resolution was adopted:

"*Resolved,* that the contract made by the officers of the bank with Frank E. Levanseler for the sale to him of lots 6 and 7, block 10, known as the 'White Brick Factory,' for the sum of $3,500,—$1,500 to be paid down in cash, and $2,000 in one and two years, with interest, secured by mortgage on the property,—is hereby ratified and approved; and the officers are hereby authorized to execute the necessary deed therefor; also, to execute a bond to Mr. Levanseler to indemnify him against any legal claim or lien the G. R. & I. R. R. Co. may have on the property. Adopted, and on motion adjourned.

[Signed]    "L. E. WHITE, President."

When the writings were drawn, the president of the bank executed a different bond than that described in the resolution. The following is a copy:

"Know all men by these presents, that the National Bank of Sturgis, a corporation created, existing, and doing business by virtue of the laws of the United States of America, having its place of business at Sturgis, St. Joseph county, State of Michigan, is held and firmly bound unto Frank E. Levanseler, of Sturgis, St. Joseph county, State of Michigan, in the sum of—— dollars, lawful money of the United States of America, to be paid to the said Frank E. Levanseler, or his certain attorney, or his heirs, executors, administrators, or assigns, to which payment well and truly to be made the National Bank of Sturgis, its successors and assigns, are bound firmly by these presents.

"Sealed with the seal of the National Bank of Sturgis, and dated this 5th day of October, A. D. 1892.

"The condition of this obligation is such that if the above-bounden corporation, the National Bank of Sturgis, its successors or assigns, or any of them, shall, within a reasonable time after the execution of these presents, procure for the said Frank E. Levanseler from the Grand Rapids & Indiana Railroad Company a good and sufficient lease in writing of any and all the lands belonging to said railroad company, and now occupied by the factory building or buildings on this date conveyed or sought to be conveyed by said National Bank of Sturgis to said Frank E. Levanseler, which said lease shall confer upon said Frank E. Levanseler, his heirs, executors, administrators, and assigns, full right and privilege to peacefully occupy and possess said lands and the building or build-

ings situated thereon, and to remodel, improve, and repair the same so long as said Frank E. Levanseler, his heirs executors, administrators, and assigns, shall occupy the same, and to totally remove the said building or buildings from the said lands, with the understanding that such removal shall terminate said lease, then, upon the performance of the above conditions, this bond and the above obligation shall cease, and shall be null and void, otherwise, it shall remain in full force and effect.

"In witness whereof, the said National Bank of Sturgis, by order of the board of directors of said bank, hath caused the corporate seal to be affixed and these presents to be subscribed by their president.

"The NATIONAL BANK OF STURGIS,

"By LEVANT E. WHITE, President.

"Signed, sealed, and delivered in the presence of

"BURRITT HAMILTON,

"JUSTIN J. WAIT."

It will be observed that the bond is without definite penalty, no sum having been inserted in the blank. The property—*i. e.*, lots 6 and 7—was conveyed to Levanseler, and the purchase-money mortgage in suit was executed and delivered to the complainant, who put the purchaser in possession of the entire factory, that portion situated upon the railroad land included. He made repairs upon the premises, and placed some new machinery therein, a portion of which was placed in the part of the factory situated upon the railroad land. At his request, the complainant secured a lease from the railroad company of the strip mentioned; but it was not satisfactory to the defendants, as its duration seems to have depended upon the shipment of the product of the factory over the Grand Rapids & Indiana line, and it was not accepted. Default was made in the payment of the mortgage, and this proceeding was commenced to foreclose the mortgage, and a decree was rendered in favor of the complainant, from which the defendants have appealed.

The defendants maintain that the complainant has not performed its contract; *i. e.*, procured a lease from the railroad company of the parcel outside of the two lots conveyed and mortgaged. It seems beyond dispute that

the agreement contemplated the conveyance of the factory and machinery as a whole, with a bond of indemnity against any legal claim or lien of the Grand Rapids & Indiana Railroad Company. Why the president of the bank offered, and the defendant Frank E. Levanseler was willing to accept, a bond providing for the procurement of a lease, does not appear. Upon this record we must find that the president had no authority to execute and deliver a bond conditioned to procure a lease, and this the defendants knew. He had authority to give a bond of indemnity against the assertion of legal title or lien by the railroad company, but the defendants do not seem to have cared for this. The alleged tender was conditioned upon the procurement of a lease, not on the execution of a proper bond of indemnity in accordance with the resolution. The tender was not, therefore, a discharge of the mortgage, and the defendants are not entitled to specific performance, for the reason that they are not entitled to the lease they claim. As to rescission of the contract, they have never taken the necessary steps to rescind. They have not acted promptly, nor have they proposed to put the bank *in statu quo*. On the contrary, they have occupied the premises, defaulted in payment, and defended the foreclosure case. They bought the premises agreeing to take a bond to indemnify them against a legal claim of title. So far they have not been disturbed, nor is there evidence that the railroad claims title, except the negative evidence arising from the execution of a lease upon request, and the refusal to execute a different one. It is not shown that they have suffered any damages through a claim of title, and, had the bond been given in accordance with the resolution, it is not clear that a right of action would exist upon it. Under such circumstances we would not feel justified in reducing the amount due upon the mortgage, by an offset by way of damages, if it would otherwise be proper in this proceeding, which we do not determine.

We are of the opinion that there is no equity in the

defendants' claim that the whole or any part of the new machinery should not be subject to the mortgage. Much of it appears to have gone in as repairs, to replace old, and the remainder was adapted to the purpose of the factory. We may reasonably suppose that both parties intended that the machinery would be considered a part of the plant, and be covered by any mortgage upon the premises. *Smith* v. *Blake*, 96 Mich. 542.

The decree of the circuit court is affirmed, with costs.

The other Justices concurred.