Argued 9 January; decided 27 February, 1899.

## SIEVERS *v*. BROWN.

[56 Pac. 170.]

VENDOR AND PURCHASER—RESCISSION WHILE RETAINING POSSESSION.—The vendee in an executory contract for the sale of land cannot rescind such contract and sue to recover the money already paid under such contract while retaining possession of the property—before rescinding he must return the possession: *Vaughn* v. *Smith*, 34 Or. 54, applied.

From Marion :  GEO. H. BURNETT, Judge.

Action by Henry H. Sievers to recover certain monies from Samuel B. Brown, in which he was unsuccessful, and appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Mitchell, Tanner & Mitchell*, with an oral argument by *Mr. Albert H. Tanner*.

For respondent there was a brief over the name of *Holmes & Kellogg*, with an oral argument by *Mr. William. H. Holmes.*

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover money paid on a contract for the purchase of land. Plaintiff alleges, in substance, that on September 8, 1892, he paid defendant the sum of $600, and agreed to pay him the further sum of $2,600 on or before eight years from that date, in annual installments of $325, in consideration of which the latter executed to him a bond for a deed, whereby he covenanted to convey certain real property in Marion County, by a good and sufficient deed, free from all incumbrances ; and that by defendant's license he entered into possession of said premises, which he retained until July 31, 1894, when he was evicted therefrom by defendant ; that, at the time the bond was executed, defendant was not the owner in fee of said premises, nor has he since acquired such an estate therein ; that on September 8, 1893, plaintiff rescinded the contract, and demanded of defendant the return of the money so paid thereon, but the latter refused to comply therewith, wherefore plaintiff prayed judgment for the sum of $600 and interest. The defendant, having denied the material allegations of the complaint, averred that in a suit in the Circuit Court of Marion County against Samuel I. Dodge and others he obtained, on February 14, 1894, a decree perfecting his title to said land ; that thereafter, plaintiff being in default in the payment of an installment due under the contract, he instituted a suit against him in said court, and obtained a decree foreclos-

ing said bond ; and, an order of sale being issued thereon, the sheriff of said county, obeying the command thereof, sold said premises to defendant for the sum of $3,085.85, in pursuance of which he obtained possession of said land, which constitutes the eviction complained of. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, at which plaintiff introduced evidence tending to show that on September 3, 1893, when defendant demanded of him the installment then due under the contract, the patent from the United States for said land had not been recorded ; that the premises were not properly described in said bond, or in the deeds to defendant from his immediate grantors, and that for these reasons he refused to pay the amount due, and demanded of defendant a repayment of the money which he had received, offering upon the return thereof to vacate the premises, and surrender his rights under the contract, but defendant refused to pay any part thereof ; that in March, 1894, defendant tendered to him what purported to be a warranty deed, containing the same description as given in the bond, and demanded payment of the balance due, but refused to permit him to take the deed to his attorneys for inspection, whereupon he declined to accept the same, and again demanded payment of said sum of $600, but the defendant again refused to comply therewith, and evicted him from the land. The plaintiff having rested, the court, upon defendant's motion therefor, gave judgment of nonsuit, and plaintiff appeals.

The question presented for consideration by this appeal is whether a vendee, under an executory agreement to purchase real property, can rescind the contract on account of an alleged failure of title, and maintain an action at law for the money paid on account of the purchase, while retaining possession of the premises. It is argued that plaintiff's notice to defendant of the defect in the

title, and his demand for a return of the money paid on account of the purchase thereof, were equivalent to a rescission of the contract, and, this being so, plaintiff was entitled to retain possession of the land until the money was returned. The rule is well settled that a party cannot rescind a contract by his own will, and at the same time keep possession of' the whole or a part of the consideration received under it; and hence, before one party can rescind a contract, he must place the other *in statu quo*: *Knott* v. *Stephens*, 5 Or. 235; *Frink* v. *Thomas*, 20 Or. 265 (11 L. R. A. 239, 25 Pac. 717); *Crossen* v. *Murphy*, 31 Or. 114 (49 Pac. 858); *Scott* v. *Walton*, 32 Or. 460 (52 Pac. 180); *Vaughn* v. *Smith*, 34 Or. 54 (55 Pac. 99); *Doughten* v. *Camden B. &. L. Assoc.* 41 N. J. Eq. 556 (7 Atl. 479); *Hunt* v. *Silk*, 5 East, 449. In *Wright* v. *Wright*, 1 Pa. Dist. R. 204, the plaintiff, having agreed to purchase from the defendant a tract of land, paid a part of the purchase price, and entered into possession of the premises; but, having discovered that defendant was unable to convey a good title, he obtained an outstanding title, and thereupon commenced an action to recover the money paid under the contract; and it was held that, not having surrendered possession of the premises to defendant, he could not maintain the action. In *Gates* v. *McLean*, 70 Cal. 42 (11 Pac. 489), it is held that, if the vendee takes possession of real property under an agreement to purchase the same, and thereafter discovers that the vendor's title is bad, if he would escape· liability, he may, upon rescinding the contract, and restoring possession, recover the purchase money advanced, and interest thereon, together with the value of his improvements, deducting therefrom such sum as the use of the premises may be reasonably worth. In *Redfeld* v. *Woodfolk*, 63 U. S. (22 How.) 318, Mr. Justice CAMPBELL, in discussing the question under consideration, says: "We have met with no

case in which a vendee in possession under a contract of purchase or a deed with covenants has been permitted to reclaim the purchase money already paid, to be held as security for the completion or protection of his title.'' A purchaser of real property under an executory agreement, by entering into possession of the premises intended to be conveyed, is generally held by that act to have waived all objections to the vendor's title (1 Sugd. Vend. [Am. Notes] 517), and, to overcome this presumption, before the vendee can elect to rescind the contract he is bound to give up the possession of the property which he holds under the agreement (1 Sugd. Vend. [Am. Notes] 523 ; *Moore* v. *Smedburgh*, 8 Paige, 600 ; *Bank of Columbia* v. *Hagner*, 26 U. S. (1 Pet.) 455 ; *Taft* v. *Kessel*, 16 Wis. 273 ; *Baston* v. *Clifford*, 68 Ill. 67, 18 Am. Rep. 547; *Martin* v. *Chambers*, 84 Ill. 579 ; *Harvey* v. *Morris*, 63 Mo. 475 ; *Mc-Indoe* v. *Morman*, 26 Wis. 588, 7 Am. Rep. 96 ; *Abbott* v. *Draper*, 4 Denio, 51). In *Nat. Bank of Sturgis* v. *Levanseler*, 115 Mich. 372 (73 N. W. 399), it is held that a purchaser of land cannot rescind the contract where he has occupied the premises, defaulted in the payment, and defended the foreclosure of a purchase-money mortgage, without making any offer to put the vendor *in statu quo.* In the case at bar, plaintiff never having surrendered possession of the premises, the contract was not rescinded, in view of which the judgment is affirmed.          Affirmed.

<div align="center">

Decided 30 July, 1900.