Argued March 19, decided March 31, 1914.

## HEWITT *v.* ANDREWS.

(140 Pac. 437.)

**Contracts—Fraud—Ratification.**

1. One defrauded must act promptly and at once restore or offer to return the property received, and any action in procuring an extension of the agreement, out of which some unjust advantage is undertaken to be obtained, is a ratification of the original contract.

> [As to how and within what time right of rescission of contract must be exercised, see notes in 74 Am. Dec. 657. And see 50 Am. Dec. 672. As to ratification of contract, see note in 59 Am. St. Rep. 638.]

**Bills and Notes—Actions—Sufficiency of Evidence.**

2. In an action on a note, testimony that the note has been assigned to a bank which is not a party to the action is rebutted by the production of the note in evidence by plaintiff, and will not prevent a recovery by plaintiff.

**Bills and Notes—Actions—Sufficiency of Evidence.**

3. In an action on a note, a defense that defendant paid a certain sum to plaintiff for gasoline which plaintiff failed to deliver is not sustained by evidence that defendant paid for a certain quantity of oil, without any statement as to the price paid.

From Multnomah: HENRY E. McGINN, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by L. P. Hewitt against Crayton S. Andrews and Lillie M. Andrews to recover on a promissory note executed by the defendants December 28, 1911, for $350, to W. H. Markell and alleged to have been assigned by him to the plaintiff.

The answer admitted the execution of the note, but denied that it had been assigned. For further defenses it is averred, in substance, that on March 28, 1910, W. H. Markell sold an automobile to the defendant Crayton S. Andrews for $550, falsely representing that the machine was in good condition and capable of being run a long distance without repairs; that Andrews, relying upon such representations and ignorant of the true condition of the car, was induced to pur-

chase it, agreeing to pay the sum stated in six months. The defects in the vehicle are stated, and the sums of money expended in attempting to repair it are set forth, and it is alleged that the automobile was then worthless. For a further defense it is averred in effect that the note sued on was executed without consideration, in that it was given to evidence a part payment on the car. Another defense is that on March 28, 1910, in consideration of $1.80 Andrews purchased ten gallons of gasoline from Markell, who agreed to deliver it but had failed to do so or to repay that sum of money though demand therefor had been made.

The reply denied the allegations of new matter in the answer, and, the cause having been tried without a jury, findings of fact and of law were made according to plaintiff's theory of the case, and, a judgment having been rendered in accordance therewith, the defendants appeal.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. Walter C. Winslow, Mr. A. W. Andrews* and *Mr. C. J. Crobsy,* with an oral argument by *Mr. Winslow.*

For respondent there was a brief and an oral argument by *Mr. L. P. Hewitt.*

MR. JUSTICE MOORE delivered the opinion of the court.

No bill of exceptions was settled or allowed, but a transcript of all the testimony given at the trial has been brought up, an inspection of which discloses that no objection was made or exception taken to any action of the court now assigned as erroneous. It is insisted that no evidence was produced tending to show that plaintiff was the owner or holder of the note; that the testimony conclusively establishes the fact that the defendants were entitled to a credit of $1.80

for gasoline purchased from Markell; and that findings to the contrary are not based on any evidence. It is also asserted that the defendants were not permitted to introduce sufficient testimony to substantiate their defense.

The transcript shows that W. H. Markell, as a witness having identified the note sued upon, was asked, "Is that your signature on the back of it?" and replied: "Yes, sir; I assigned it to the bank. I wanted to use the money you know. Q. What have you done with the note? A. I put it in the bank at that time." The court thereupon, addressing plaintiff's counsel, said: "I will hear what the other side has to say to this."

C. S. Andrews, one of the defendants, referring to the note sued upon, testified that it was executed in renewal of an old note given six months prior for an automobile. The witness then described the condition of the machine, saying that he had expended $97 in trying to repair it. He was then asked, "What about this oil you speak of?" The question probably related to the gasoline mentioned in the answer, for no statements had been made by Andrews in his testimony as to any oil. In answer to the inquiry, the witness said: "Mr. Markell agreed to fill the oil tank, and he went off to California the next morning, and didn't fill it. I paid him for ten gallons of oil, in cash."

E. Gould, who had repaired the automobile referred to, testified as to its condition, and, referring to its value, said: "Well, if I had the car for sale, and a man offered me cash for it, I would be tempted to take $250 for the car." Gould having given further testimony as to the condition of the automobile, the defendant's counsel remarked that the witness might then be cross-examined, whereupon the court stated: "Don't

take up any more time with this matter. My mind is firmly made up in this matter. This machine was bought, the price agreed upon, and a promissory note given. The note becomes due, the maker goes back, and he renews the note after he had had the machine in his possession some eight or nine months. Now, when they come in here with this new note and try to collect it, then you bring up this defense of false representations." Addressing the plaintiff's counsel, the court remarked further: "Prepare your findings."

1. The conclusion reached upon the ultimate facts is certainly correct. If a party has been defrauded by another, he must act promptly and at once restore or offer to return the property which he has received: *Vaughn* v. *Smith,* 34 Or. 54 (55 Pac. 99); *Sievers* v. *Brown,* 36 Or. 218 (56 Pac. 170); *Clarno* v. *Grayson,* 30 Or. 111 (46 Pac. 426); *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180); *Waymire* v. *Shipley,* 52 Or. 464 (97 Pac. 807); *Elgin* v. *Snyder,* 60 Or. 297 (118 Pac. 280). After the discovery of a fraud, if the party affected thereby does anything in procuring an extension of a performance of the terms of the agreement out of which some unjust advantage is undertaken to be obtained, his action in such respect constitutes a ratification of the original contract: *Schmidt* v. *Mesmer,* 116 Cal. 267 (48 Pac. 54); *Doherty* v. *Bell,* 55 Ind. 205.

2. It would appear from the testimony given by Markell that the note sued upon had been assigned to a bank. This manifest conclusion was evidently rebutted by the fact that the negotiable instrument was received in evidence and it has been brought up with the transcript. There can be no doubt that the plaintiff was the holder of the note at the time of the trial, and the defendants need have no fear that another action will be instituted on the written obligation.

3. The testimony fails to show what sum the defendant Crayton S. Andrews paid Markell for the oil, so that the proof in this respect is insufficient to establish the averment of the answer that the substance purchased was gasoline and the amount paid therefor was $1.80.

No objections having been made or exceptions taken to any action of the court, we conclude from an examination of the entire evidence given that the judgment is proper and should be affirmed.

It is therefore so ordered. Affirmed.

Mr. Justice Bean, Mr. Justice Burnett and Mr. Justice Ramsey concur.