MASSACHUSETTS BONDING & INS. CO.
v. ANDEREGG et al. *
No. 7923.

Circuit Court of Appeals, Ninth Circuit.
April 27, 1936.

*Rehearing denied June 8, 1936.

James G. Wilson and John F. Reilly, both of Portland, Or., for appellant.

Clark & Clark and G. G. Smith, all of Portland,.Or., for appellees.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a Massachusetts corporation, brought this suit in equity against appellees, citizens of Oregon, to rescind an insurance policy whereby appellant had insured appellees against liability for damages on account of bodily injury to, death of, or damage to the property of, any person, resulting from the ownership, maintenance, or use of certain automobiles operated by appellees in their dairy business. Rescission was sought on the ground that appellees had procured the policy by means of false and fraudulent declarations and warranties. Having concluded, after hearing the case, that appellant had an adequate remedy at law and, further, that the suit was barred by laches, the District Court entered a decree dismissing the bill. This appeal is from that decree.

The policy in question was issued on November 11, 1933, for the term of one year. It was issued in combination with another policy not here involved. In the first paragraph of the combined policies it is stated: "This combination automobile insurance is issued \* \* \* subject to the following Declarations and Warranties which the Assured [appellees], by the acceptance of these Policies, declares and warrants to be true and these Policies are issued in consideration thereof and of the premiums hereinafter specified."

There are twelve of these declarations. Declaration 10 states: "The automobile described is usually kept in various garage, located    No    Street    City    County    State    and is principally used in the vicinity of Gresham and Multnomah County, Oregon." Declaration 12 states: "No insurance company has canceled or refused to renew automobile insurance of any kind for the Named Assured for the past three years, except as herein stated: No exceptions."

The policies further provide: "These Policies are made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein or endorsed hereon, and upon acceptance of these Policies the Assured agrees that the terms embody all agreements then existing between himself and these Companies, or any of their agents, relating to the insurance described herein." The policies were delivered to and accepted by appellees on or before November 18, 1933, and were retained by them.

On January 12, 1934, one of the automobiles covered by the policy here in question was involved in an accident which resulted in the death of one person and the injury of two others. Being apprised of this accident, appellant made an investigation thereof, in the course of which it discovered that, prior to the issuance of this policy, other insurance companies had canceled other insurance on some of the same automobiles; that

some of these automobiles were used principally in the city of Portland; and that, consequently, declarations 10 and 12 contained in the policy were false and untrue. This discovery was made on or before January 18, 1934.

On January 19, 1934, appellant wrote appellees a letter, acknowledging receipt of notification of the accident of January 12, 1934, and stating that such notification was "accepted under full reservation of rights," and that investigation of the accident would be conducted "without prejudice" to appellant or appellees. The letter further stated: "It is alleged that certain breach of warranties, in connection with this policy, existed particularly in connection with Declarations ten and twelve of said policy. It is especially understood that by conducting investigation, in connection with this said alleged accident, that we do not waive any of our rights or defenses which the Company [appellant] may have in connection with the above statements, or others; and it is especially understood that all of the Company's rights are preserved in connection therewith."

On January 29, 1934, appellant's agent informed appellees that the premium rates shown in the schedule attached to the policy were incorrect, being "country rates," and that, since some of appellees' automobiles were used in the city of Portland, appellees should pay "city rates" thereon. The agent accordingly delivered to appellees a corrected premium schedule, in lieu of the schedule attached to the policy. The premium called for by the corrected schedule amounted to $403.48, being $164.05 more than was called for by the original schedule.

On January 30, 1934, there was another accident involving one of the automobiles covered by the policy here in question. One person was injured or claimed to have been injured in this accident.

On February 1, 1934, appellant's agent sent appellees a bill for the additional premium called for by the corrected schedule above referred to. Apparently, this bill was never paid.

On February 19, 1934, appellant notified appellees that, because of the misrepresentations made by them in declarations 10 and 12 above referred to, appellant "elects to treat this policy * * * as void from its inception and elects to rescind the same and refuses to recognize any liability whatsoever under it." Appellant, at the same time, tendered back to appellees the full amount theretofore paid by them as premiums on the policy. This tender was rejected.

On March 5, 1934, appellant commenced this suit, alleging in its bill that declarations 10 and 12 set forth above were false and fraudulent, and praying for rescission of the policy on that ground. No action had then been commenced against appellees for damages suffered or claimed to have been suffered in either of the accidents above referred to, but two such actions were commenced against appellee Anderegg on March 8, 1934, another on April 26, 1934, and another on May 23, 1934. Anderegg defended these actions and denied any liability. Trial of the present suit was concluded on December 1, 1934. At that time the four actions for damages were still pending. Anderegg's liability, if any, had not then, and so far as the record shows has not yet, been established.

Appellant's bill alleged that it had no plain, adequate, or complete remedy at law. Appellees, in their answer, denied this allegation. They contended, and the trial court held, that appellant had a plain, adequate, and complete remedy at law, in that, if and when sued on the policy, it could set up, as a defense, the fraud here complained of, and that, therefore, under section 267 of the Judicial Code, 28 U.S.C.A. § 384, this suit in equity could not be sustained.

█ Generally speaking, a suit in equity to cancel or rescind an insurance policy on the ground of fraud in its procurement cannot be brought after there has been a loss under the policy,[1] since, in such a case, the insurer, by setting up the fraud as a defense when sued on the policy, has, ordinarily, an adequate remedy at law. Cable v. United

---

[1] Even though a loss has occurred, equity will take jurisdiction where special circumstances make the legal remedy inadequate, as, for example, where the policy is incontestable after the expiration of a specified period. New York Life Ins. Co. v. Seymour (C.C.A. 6) 45 F.(2d) 47, 48, 73 A.L.R. 1523; New York Life Ins. Co. v. McCarthy (C.C.A. 5) 22 F.(2d) 241, 245; Keystone Dairy Co. v. New York Life Ins. Co. (C.C.A. 3) 19 F.(2d) 68, 69; Peake v. Lincoln National Life Ins. Co. (C.C.A. 8) 15 F.(2d) 303, 305; Jones v. Reliance Life Ins. Co. (C.C.A. 4) 11 F.(2d) 69, 70; Jefferson Standard Life Ins. Co. v. McIntyre (C.C.A. 5) 294 F. 886, 888; Jefferson Standard Life Ins. Co. v. Keeton (C.C.A. 4) 292 F. 53, 54.

States Life Ins. Co., 191 U.S. 288, 305, 24 S.Ct. 74, 48 L.Ed. 188; New York Life Ins. Co. v. Bangs, 103 U.S. 780, 782, 26 L.Ed. 608; Phoenix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 620, 20 L.Ed. 501; Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 338, 3 L.Ed. 362; Niagara Fire Ins. Co. v. Adams (C.C.A.1) 198 F. 822, 826; New York Life Ins. Co. v. Marshall (C.C.A. 5) 23 F.(2d) 225; Riggs v. Union Life Ins. Co. (C.C.A.8) 129 F. 207, 208. See, also, Enelow v. New York Life Ins. Co., 293 U.S. 379, 385, 55 S.Ct. 310, 79 L. Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 388, 55 S.Ct. 315, 79 L. Ed. 444; Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 68, 56 S.Ct. 1, 80 L.Ed. ——.

■ In this case, however, at the time suit was commenced and up to the time of trial, there had been no loss. True, there had been accidents involving automobiles covered by the policy, and actions against appellee Anderegg for damages resulting therefrom, but the policy does not insure against accidents nor against litigation. It insures against liability for damages. At the commencement of this suit and up to the time of trial, no such liability had been established. Appellees had suffered no loss, had brought no action, and had no cause of action on the policy. Appellant had, therefore, no opportunity to set up, as a defense, the fraud here complained of.

The policy expired on November 11, 1934. In Oregon, the period of limitation applicable to actions for damages for injury to the person of another or for wrongful death is two years. For injury to property it is six years. Oregon Code, 1930, §§ 1-204, 1-206, 5-703. Thus an action to establish the liability against which appellant insured appellees may be brought against appellees as late as November 11, 1940. Such an action may not be terminated for many years thereafter. Until it is terminated and appellees' liability established, no action may be brought on the policy, and appellant may have no opportunity to defend such action. Meanwhile appellant's witnesses may disappear and, with them, the possibility of establishing its defense. Appellant's legal remedy was, therefore, inadequate.[2] Penn Mutual Life Ins. Co. v. Joseph (D.C.Minn.) 5 F.Supp. 1003, 1006; Massachusetts Protective Ass'n v. Stephenson (D.C.E.D.Ky.) 5 F.Supp. 586, 590; Mutual Life Ins. Co. v. Blair (C. C.E.D.Mo.) 130 F. 971, 973. See, also, New York Life Ins. Co. v. Miller (C.C.A.8) 73 F.(2d) 350, 355, 97 A.L.R. 562; Riggs v. Union Life Ins. Co. (C.C.A.8) 129 F. 207, 208.

■ Was the suit barred by laches? One who has been induced by fraud to enter into a contract must, on discovering the fraud, choose at once whether he will rescind the contract or affirm it. If he chooses to rescind, he must announce his purpose at once, and adhere to it. He is not permitted to play fast and loose. He must speak and act promptly. Silence constitutes a waiver of the right to rescind. Delay and vacillation are fatal. Grymes v. Sanders, 93 U.S. 55, 62, 23 L.Ed. 798; McLean v. Clapp, 141 U.S. 429, 432, 12 S.Ct. 29, 35 L.Ed. 804; Shappirio v. Goldberg, 192 U.S. 232, 242, 24 S.Ct. 259, 48 L.Ed. 419; Richardson v. Lowe (C.C.A.8) 149 F. 625, 628; Hewitt v. Andrews, 69 Or. 581, 584, 140 P. 437; Scott v. Walton, 32 Or. 460, 464, 52 P. 180.

■ Appellant's conduct did not meet the requirements laid down by these authorities. Appellant did not, on discovering the fraud here complained of, announce its purpose to rescind the policy. On the contrary, with full knowledge of the fraud, it demanded the payment of additional premiums. After discovering the fraud, it waited more than a month before announcing its purpose to rescind, and waited two weeks longer before commencing this suit. Meanwhile, and before appellant had announced such purpose, there had been a second accident involving an automobile covered by the policy, thus materially changing the situation of the parties. In view of this change and of all the circumstances here shown, we hold that appellant was guilty of

---

[2] Appellant urges, as a further reason for holding the legal remedy inadequate, that it may be subjected to the burden of defending numerous actions at law. That appellant may be subjected to such a burden is quite true, but if that were the only ground on which equitable relief was sought, it might well be argued that the granting or withholding of such relief rested in the sound discretion of the District Court, with the exercise of which this Court should not interfere. Di Giovanni v. Camden Fire Ins. Ass'n, supra, 296 U.S. 64, at pages 70, 73, 56 S.Ct. 1, 80 L.Ed. ——. Since, as shown above, there are other and, we think, sufficient grounds of equity jurisdiction, we need not consider whether, in this case, such jurisdiction might be sustained on the ground of a threatened multiplicity of suits.

laches whereby its suit to rescind the policy was and is barred.

Appellant cites Weidenfeld v. Pacific Improvement Co. (D.C.E.D.N.Y.) 267 F. 699, 705, to the effect that delay which might otherwise be regarded as laches is excusable, when due to the advice of counsel that plaintiff has no cause of action. As to the correctness of that holding, we express no opinion. It is sufficient to say that, in this case, the record fails to show that appellant received any such advice.

Decree affirmed.