STATE FARM MUT. AUTO. INS. CO. v.
MOSSEY et al.

No. 10500.

United States Court of Appeals
Seventh Circuit.

Jan. 30, 1952.

Rehearing Denied April 15, 1952.

Louis L. Anderson, South Bend, Ind., for appellant.

Aaron H. Huguenard, William F. McInerny, South Bend, Ind., for appellees.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

This appeal by Charles DuBois is from a judgment or decree declaring that a certain insurance policy issued by appellee to one Mossey was null and void, and that neither Mossey nor appellant DuBois is entitled to recover from appellee because of the issuance of the policy.

Appellee, an Illinois corporation, filed its complaint under the Declaratory Judgments Act, 28 U.S.C.A. § 2201, against Clifford Mossey and Charles DuBois, residents and citizens of Indiana, praying that the court declare the rights of the parties and decree that the policy in suit is null and void, and that neither Mossey nor appellant DuBois is entitled to recover from appellee the amount of the policy or any part thereof, on the ground that it was procured by fraud.

The case was tried by the court without a jury. The trial judge found that on August 18, 1948, defendant Mossey applied to appellee for a policy of automobile insurance which provided that appellee would pay on Mossey's behalf all sums up to $10,-000 which Mossey should become legally obliged to pay as damages for bodily injury sustained by any person, caused by accident and arising out of the ownership or use of a certain automobile; that at the time Mossey applied for the insurance appellee's agent asked Mossey his age, and Mossey then falsely represented that he was born on March 25, 1923, and was then, August 18, 1948, 25 years of age, when in fact he

was 20 years of age; that Mossey's representation as to his age was a material misrepresentation and was made to induce appellee to issue the policy; that appellee relied on Mossey's representation and believed that he had correctly represented his age, and on August 18, 1948, issued the policy as applied for by Mossey, but that it would not have accepted Mossey's application or issued the policy had it known his true age; that appellee did not learn of Mossey's true and correct age until February 20, 1950, when Mossey for the first time told appellee's agent that he was born on March 25, 1928.

On August 24, 1948, Mossey, while operating his automobile in South Bend, Indiana, collided with appellant DuBois, and DuBois sustained injuries for which he seeks damages from Mossey in excess of $10,000 in an action filed October 11, 1949, in an Indiana State Court; when Mossey was served with summons in that suit he demanded that appellee furnish him a defense and pay any judgment that might be entered against him within the limits provided for by the terms of the policy; appellee employed counsel and is now defending that action, but after it learned Mossey's true age, Mossey, on March 2, 1950, executed an agreement which provides that any action taken by appellee in defending appellant's suit against Mossey should not be construed as a waiver of appellee's rights to deny liability under the policy. Based on these findings, the court concluded that appellee had not waived its right to have the policy declared null and void, nor was it estopped from denying liability on the policy, and that Mossey's misrepresentation as to his age was a misrepresentation of fact as to the risk to be assumed by appellee, hence the policy was null and void and neither of defendants was entitled to recover from appellee.

█ Before an action may be entertained under the Declaratory Judgments Act, the controversy must be justiciable. A declaration of nonliability is within the ambit of justiciability, Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697, 699. Because in Indiana (§ 39–3005 Burns' Ind. St.) an injured person may not join an in-

surer in an action against the insured, or proceed directly against the insurer before he has obtained a judgment against the insured, appellant contends that since he has not yet obtained a judgment against Mossey, no justiciable or actual controversy exists between the parties warranting relief under the Declaratory Judgments Act. Unfortunately for appellant this identical question has been decided adversely to appellant in a case where, as here, the injured person sued the insured. While that suit was pending and before it had proceeded to judgment, the insurer filed its complaint in which it sought a decree that it was not liable to defend the insured or to indemnify him if the injured person recovered. The court held that an actual controversy existed and that the complaint stated a cause of action. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826.

█ Appellant next contends that on proper realignment of the parties there would be no diversity of citizenship and the court would lack jurisdiction. The argument is that Mossey is a necessary party to the action, and since he failed to defend the present action, and has signed an agreement with appellee that it did not waive any rights or defenses which it might have, and has accepted the return of the premium paid for the policy, Mossey's interests coincide with the interests of appellee, and thus it is claimed there was no justiciable controversy between appellee and Mossey, and he should have been realigned as a party plaintiff and the complaint should have been dismissed.

In support of his contention appellant cites, among other cases, State Farm Mutual Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 88; Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558; and Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F. 2d 405.

In the Hugee case the policy covered a truck of the insured while being operated for commercial purposes. An accident occurred between the insured truck and a bus, and both the insured and the insurer contended that at the time of the accident the

truck was being operated by the driver of the truck for purposes purely personal to himself. In the Boyle case, again the insured and the insurer contended there was no liability to the injured person because his claim was subject to the provisions of the Workmen's Compensation Act, and in the Till case the policy insured not only the named insured but also any other person while using the automobile, provided the actual use was with the permission of the named insured, and both the insurer and the insured were mutually interested in obtaining a judgment that the driver was not operating the automobile on behalf of the insured or with her consent. It is clear that in these cases there was no controversy as to the liability of the insurance companies to the persons insured. In fact the insurance company in each case admitted it was obligated to defend any suit brought against the insured. They involved the question whether the injured person was entitled to recover against the insured, and it was clear that the interests of the insured and the insurer were the same. Hence we believe they are inapplicable for the reason that here appellee claims that regardless of whether Mossey is liable to appellant, the injured person, appellee is not obligated to defend Mossey and is not obligated to pay any judgment which may be rendered against him. In this state of the record we perceive no error in the court's refusal to align Mossey with appellee.

Appellant admits that an insurer may maintain an equitable action to rescind or cancel a contract of insurance because of false representations made by the insured to induce its execution, but he insists that after the loss insured against has occurred, the fraud is available to the insurer as a defense in an action at law upon the policy, and he makes the point that the court abused its discretion in failing to sustain his motion to dismiss the complaint on the ground that appellee had a complete and adequate remedy at law.

It is true that fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, but there are exceptions which have been followed with impressive uniformity. American Life Ins.

Co. v. Stewart, 300 U.S. 203, 212, 57 S.Ct. 377, 81 L.Ed. 605. For example, in Massachusetts Bonding & Ins. Co. v. Anderegg, 9 Cir., 83 F.2d 622, the insurer sued to rescind an automobile insurance policy on the ground that Anderegg, the insured, had procured the policy by means of false declarations. Before the suit was brought Anderegg had been involved in an accident, and the injured party had commenced an action against him. The court held that the insurer did not have an adequate legal remedy. In the instant case, as already observed, the action brought by DuBois against Mossey has not yet been submitted to trial. In this situation we think that what was said, 83 F.2d at page 625, in the Anderegg case is applicable here. Moreover, even if appellee had an adequate remedy at law, it could still bring an action for a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A. See Mutual Life Ins. Co. of New York v. Krejci, 7 Cir., 123 F.2d 594, and Employers' Liability Assur. Corp. v. Ryan, 6 Cir., 109 F.2d 690, 691.

The trial judge denied appellant's demand for a jury trial because he was of the opinion that the action was an equitable one. This, appellant says, was an error. He calls attention to the Declaratory Judgments Act which provides that issues of fact shall be tried by a jury. He cites, among other cases, Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 137 F.2d 62, and Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732, and argues that fraud in the procurement of a policy of insurance is primarily a question of fact.

Even so, it yet remains for the court to say whether the action is legal or equitable. To be entitled to a trial by the court, a litigant must present a claim which is equitable in nature. Borchard, Declaratory Judgments, 2nd Ed. p. 241. If the issues are not truly equitable, the case must be submitted to a jury; otherwise they must be determined by the judge. Liberty Oil Co. v. Condon National Bank, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232.

The Enelow case began as an action at law upon a life insurance policy on the life of plaintiff's deceased husband. The defendant claimed that the policy was procured by fraud and prayed for cancellation of the policy, and the question was whether the insurance company was entitled to have the issue on fraud determined by the court in equity before action at law proceeded on the policy. The court held that since the defense of fraud was a valid defense to the action on the policy, i. e., defendant had an adequate remedy at law, it could not insist upon having its defense of fraud determined in equity. The Ettelson and the Piedmont cases are to the same effect. They stand for the proposition that where an insurance company has an adequate remedy at law and can interpose a complete defense to an action on the policy, it cannot be said that the issues are truly equitable.

■■■ In considering whether an action is equitable or legal, the court may consider the nature of the prayer for relief. And whether a claim is truly equitable in nature depends upon whether the party asserting the claim would have been entitled to bring a suit in equity on the same claim, which he could not do if he had an adequate remedy at law. Compare Enelow v. New York Life Ins. Co., 293 U.S. 379, 383, 55 S.Ct. 310, 79 L.Ed. 440. We have already concluded that appellee did not have an adequate remedy at law, and since appellee could have brought an action in equity for the cancellation of the policy in question, it cannot be said that the court erred in denying appellant's motion for a jury trial.

Appellant also contends (1) that appellee did not rely on the misrepresentation, (2) that the misrepresentation was not material to the risk, and (3) that the findings of fact were not supported by the record.

In addition to the facts found by the court, there was evidence that Mossey's application for the policy was made on August 18, 1948. The policy was issued on August 25, effective as of August 18, and the accident occurred on August 24. In September, 1948, appellee's adjuster reported to appellee that Mossey appeared to be a poor risk, and recommended that his record be reviewed. On September 16, 1948, appellee received a report on Mossey from an independent investigation which gave Mossey's age as twenty-five years.

As to the second point, the argument is that appellee does issue policies to persons under 21 years of age, for which it charges a higher premium. However, there was evidence tending to prove that a driver under 21 years of age is a more dangerous driver than an older person; that insurance companies generally either refuse such a risk or, if they accept it, charge a higher rate of premium; and that appellee would not have issued the policy in question if it had known Mossey's true age.

■■■ The crucial question is, was the representation that Mossey was twenty-five years of age material or immaterial to the risk? The test is, was the representation such as might reasonably have influenced the insurer in deciding whether it should reject or accept the risk. Mutual Benefit Life Ins. Co. v. Miller, 39 Ind. 475; Metropolitan Life Ins. Co. v. Head, 86 Ind. App. 326, 157 N.E. 448; and New York Life Ins. Co. v. Kuhlenschmidt, 213 Ind. 212, 11 N.E.2d 673. And where the evidence is such that reasonable men might differ in their conclusions as to whether the false representation is material, it becomes a question of fact for the jury or for the trial judge. Metropolitan Life Ins. Co. v. Becraft, 213 Ind. 378, 12 N.E.2d 952, 115 A.L.R. 93.

■■■ Here the court found as a fact, amply supported by the evidence, that Mossey falsely represented that he was twenty-five years of age on August 18, 1948, when in fact he was twenty years of age; that Mossey's representation as to his age was a material misrepresentation upon which appellee relied, and that appellee would not have accepted the application or issued the policy had it known Mossey's true age. When these facts are considered with the other evidence in the record, it is clear that reasonable minds could differ in their conclusions as to whether the representation was material, hence we would not be justified in saying that appellee did not rely on the misrepresentation, or that the represen-

tation was not material to the risk, or that the findings were not supported by the record. Obviously the findings are not clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure.

Appellant raises several other points including (a) the only remedy available to appellee is to sue Mossey for a higher premium; (b) appellee has waived its rights to avoid the policy; (c) appellee was negligent in insuring Mossey; and (d) the court erred in admitting evidence. All of these we have considered, but since they do not convince us that any error occurred therein warranting a reversal, we see no need to discuss them.

Affirmed.