William R. MARTIN, Adm. of the Estate of Kathleen Martin, Deceased,

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY.

Civ. A. No. 86–7294.

United States District Court, E.D. Pennsylvania.

April 23, 1987.

---

Robert J. Murphy, Philadelphia, Pa., for plaintiff.

Timothy B. Barnard, Media, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, Judge.

Defendant removed this action from the Court of Common Pleas of Philadelphia County. By order dated February 20, 1987, I denied plaintiff's motion to remand. Plaintiff now moves to dismiss this action voluntarily pursuant to Fed.R.Civ.P. 41(a)(2).[1]

Plaintiff's decedent was killed in an accident involving a motorcycle. Before bringing the present suit, plaintiff obtained default judgments against the operator of the motorcycle as well as its owner. Both of these individuals were citizens of Pennsylvania. This action was then brought under the Uniform Declaratory Judgment Act, 42 Pa.Cons.Stat.Ann. §§ 7531 *et seq.* against defendant, the alleged insurer of the motorcycle.

█ The decision whether to grant a motion for voluntary dismissal lies within the discretion of the court which should grant the motion unless a defendant will suffer substantial legal prejudice. The mere prospect of a second lawsuit is not substantial legal prejudice. *Miller v. Trans World*

*Airlines, Inc.*, 103 F.R.D. 20 (E.D.Pa.1984); 5 J. Moore's Federal Practice ¶ 41.05[1] (1986). Here, defendant has failed to demonstrate that it will suffer legal prejudice. Defendant's sole objection is to having to defend this suit in state court. Moreover, dismissal will not result in a hardship to defendant. Plaintiff filed the instant motion shortly after I denied the motion to remand and before the parties could undertake substantial discovery in the case.

█ Finally, to deny the motion would cause substantial harm to plaintiff who may not be able to proceed with this declaratory judgment action without joining additional defendants who would destroy jurisdiction based on diversity of citizenship. *See Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986) (an insured is an indispensable party in a declaratory judgment action brought on the issue of insurance coverage); *Pennsylvania Insurance Guaranty Assoc. v. Schreffler*, 360 Pa.Super. 319, 520 A.2d 477 (1987). For these reasons, plaintiff's motion for voluntary dismissal without prejudice will be granted.

---

1. Plaintiff also sought dismissal pursuant to Rule 41(a)(1) claiming defendant's answer was out of time. Because I will dismiss this action pursuant to subsection (2), it is not necessary to consider this argument.