William R. MARTIN, Adm. of the Estate of Kathleen Martin, Deceased,

v.

UNIVERSAL UNDERWRITERS COMPANY, Steven Mace, Daniel Flynn and Sportsmen Cycle Center.

Civ. A. No. 87–3714.

United States District Court, E.D. Pennsylvania.

Sept. 24, 1987.

Robert J. Murphy, Philadelphia, Pa., for plaintiff.

Timothy Barnard, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff, a citizen of New Jersey, sued defendants Mace and Flynn on behalf of decedent Kathleen Martin in state court and obtained judgments against both. Thereafter, plaintiff brought a declaratory judgment action in Pennsylvania against Universal Underwriters Insurance Company to determine whether it insured either Mace or Flynn for the accident that led to the judgments. The declaratory action was removed to federal court and voluntarily dismissed by plaintiff. *Martin v. Universal Underwriters Insurance Co.*, 658 F.Supp. 1415 (E.D.Pa.1987). Plaintiff then filed another declaratory judgment action in Pennsylvania, this time adding Mace and Flynn as defendants in light of *Pennsylvania Insurance Guaranty Association v. Schreffler*, 360 Pa.Super. 319, 520 A.2d 477 (1987). Universal again removed the action to federal court and plaintiff has now moved for remand.

■ Plaintiff contends that removal is improper under section 1441(b) of Title 28 which precludes removal in a diversity action where any defendant properly joined and served "is a citizen of the state in which such action is brought." In the removal petition, Universal admits that one if not both of the individual defendants is a citizen of Pennsylvania. Plaintiff also alleges that one of the individuals was served prior to removal and this is not disputed by Universal. *See also* 1A J. Moores Federal Practice ¶ 0.161[1–.3] (1987) (a properly joined but unserved defendant should be considered for purposes of § 1441(b)).

Universal contends that section 1441(b) was not violated because Mace and Flynn should be realigned with plaintiff. To determine the propriety of removal, a court must realign the parties according to their actual interests in the suit. *Glenmede Trust Co. v. Dow Chemical Co.*, 384 F.Supp. 423 (E.D.Pa.1974). The test for realignment is whether there is a "collision of interests" between the parties sought to be realigned regarding the principal issues raised in the suit. *See, e.g., American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F.Supp. 843 (S.D.N.Y.1983).

Here, plaintiff claims that defendant Universal insured Mace and Flynn at the time of the accident; therefore, it must pay the judgments entered against them. Because plaintiff has already obtained judgments against the individuals, their interests do not collide with plaintiff's. Rather, a decision in favor of plaintiff will reduce or eliminate their liability to satisfy the judgment. Since Universal denies coverage, the interests of Mace and Flynn are congruent with plaintiff's and thus they are properly aligned as plaintiffs. *See State Farm Mutual Insurance Co. v. Mossey*, 195 F.2d 56, 58–59 (7th Cir.), *cert. denied*, 344 U.S. 869, 73 S.Ct. 109, 97 L.Ed. 674 (1952).

■ Plaintiff also argues that the proposed joinder of Sportsmen Cycle Center requires a remand. At oral argument, I was told that Sportsmen allegedly placed liability insurance for Mace with Universal at the time Sportsmen sold the motorcycle driven by Flynn on which Martin was killed. Significantly, the state court

records reveal that Sportsmen was not joined prior to removal nor has it been joined to date;[1] therefore, the fact that Sportsmen is a citizen of the state where the action was brought does not defeat removal. However, if Sportsmen is joined as a defendant, complete diversity between defendants and the realigned plaintiffs will be destroyed.

Where joinder of a non-diverse defendant after removal would require remand, the appropriate inquiry is whether the defendant is an indispensable party. Fed.R.Civ.P. 19. *See Steel Valley Authority v. Union Switch & Signal Division*, 809 F.2d 1006 (3d Cir.1987). As the Third Circuit has stated, "[o]f necessity, an indispensability analysis is fact-specific, guided by the legal analysis outlined in Rule 19 of the Federal Rules of Civil Procedure." *Id.* at 1011. Here, Sportsmen has not yet been joined and it is unclear whether plaintiff will join Sportsmen as a defendant or whether Universal will add Sportsmen only as a third party defendant which will not defeat diversity. Moreover, the complaint is devoid of any allegations regarding Sportsmen's liability to plaintiff and neither party has made any allegations regarding its liability to plaintiff that are necessary for an indispensability analysis. Thus, an analysis of Sportsmen's interest to the declaratory action at this time would be impossible. I will, therefore, deny plaintiff's petition to remand.

---

1. The parties stipulated that Sportsmen Cycle Center should be considered joined prior to removal for purposes of the motion to remand; however, the fact remains that it was not joined prior to removal.